R. C. CLAIBORNE v. B. D. PICKENS & CO.

(No. 6547.)

APPEAL from Hill County. Opinion by WILLSON, J.

BELL & DOANE and McKINNON & CARLTON, counsel for appellant.

SMITH & WEAR, counsel for appellees.

§ 117. *Venue; of suit against parties jointly liable; if residence of one is known and of other unknown, suit must be brought in county of former's residence:* Appellees sued appellant and one Kelly in justice's court on an account for merchandise. Appellant, being a resident of Brown county, pleaded his privilege to be sued in that county. Appellees, at the institution of their suit, al-

leged that the residence of the defendant Kelly was unknown, and service upon him was obtained by publication; and it was by virtue of Kelly being a party defendant that jurisdiction over the person of appellant was claimed and maintained. Appellant's plea to the jurisdiction of the court over his person was excepted to, and the exception was sustained, and judgment rendered against both defendants in the justice's court for the amount sued for, and costs, and in the county court on appeal the rulings and judgment were the same.

We are of the opinion that the appellant's plea to the jurisdiction was sufficient and should have been sustained. It negatives every fact which could have given the court jurisdiction over his person. That the residence of his co-defendant was unknown did not, in our opinion, confer jurisdiction upon the justice's court of Hill county over appellant's person. We do not understand the law to be that where two or more persons are jointly liable at the suit of a plaintiff, and some of the defendants are residents of this state, and their residence is known to the plaintiff, but others of the defendants are non-residents of this state, or their residence is unknown to the plaintiff, that this entitles the plaintiff to sue the resident defendants in a county other than that of their residence. Our understanding of the provisions of the statute is that in such case the suit must be brought in the county where one of the resident defendants resides. [R. S., art. 1198, subds. 3, 4; art. 1556, subd. 8.] Because the court erred in sustaining the exceptions to appellant's plea to the jurisdiction, the judgment is reversed and the cause is remanded.

May 28, 1890.               Reversed and remanded.