BOMAR COTTON OIL CO. v. SCHUBERT.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1912. Rehearing Denied March 9, 1912. Writ of Error Denied by Supreme Court April 3, 1912.)

1. VENUE (§ 19*)—RESIDENCE OF PARTIES—BREACH OF CONTRACT.

The exception in Sayles' Ann. Civ. St. 1897, art. 1194, providing that no person who is an inhabitant shall be sued out of the county of his domicile, except where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought in such county, or in the county of the domicile of such person, contemplates only such an obligation as may be made the basis of a suit.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 33; Dec. Dig. § 19.*]

2. VENUE (§ 21*)—RESIDENCE OF PARTIES—BREACH OF CONTRACT.

The essential obligation imposed on a buyer by a contract of sale of a season's output of linters, which fixes the price and manner of shipment, and which requires the buyer residing in one county to send a representative to a designated place in another county to inspect before shipment, is to accept and pay for the linters; and a breach of his obligation to send a representative to the designated place for inspection gives no cause of action, and does not justify the bringing of an action in the county within which the designated place is located, within Sayles' Ann. Civ. St. 1897, art. 1194, providing that, where a person has contracted to perform an obligation in any particular county, an action on the contract may be brought in such county, or in the county of the domicile of defendant, and the buyer, when sued for breach of contract, must be sued in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by the Bomar Cotton Oil Company against Max Schubert. From a judgment of dismissal, plaintiff appeals. Affirmed.

Davis & Davis, of Gainesville, for appellant. W. B. Lockhart and Flippen, McCormick, Gresham & Freeman, all of Dallas, for appellee.

SPEER, J. The Bomar Cotton Oil Company brought suit in the district court of Cooke county to recover damages from Max Schubert for the breach of a contract for the purchase of linters. The defendant by special demurrer pleaded his right to be sued in Galveston county. The court sustained this demurrer and dismissed the suit, from which the plaintiff has appealed.

Appellant's right to maintain this suit must be determined by the following contract of purchase and sale:

"Galveston, Texas, December 23, 1910.

"Bomar Cotton Oil Co., Gainesville, Texas —Gentlemen: Referring to telegrams exchanged between us, I herewith beg to confirm having today sold for your account to Mr. Max Schubert, Galveston, Texas, the balance of your this season's output of linters, about equal to samples, amounting to

eight to ten hundred (800 to 1,000) bales, at four and one-quarter (4¼) cents per pound f. o. b. cars Gainesville, Texas, uncompressed:

"Shipment: In lot of 50 to 100 bales, as made.

"Terms: Sight draft on buyer, Max Schubert, Galveston, Texas, with bill of lading attached. Exchange not exceeding one quarter of one per cent. to be paid by buyer.

"Weights: Outturn of weights guaranteed at Galveston, Texas.

"Quality: Buyer to send representative to Gainesville to make inspection before shipment.

"Commission: Twenty-five cents per bale to be paid by seller.

"This contract is made in triplicate, one copy being retained in this office, one copy being sent to the seller and one copy to the buyer. Yours very truly, M. L. Trost, as Broker Only."

[1, 2] Appellant's pleadings set forth this contract, and allege specially the breach of that part of its terms which provides that the buyer shall send a representative to Gainesville to make inspection of the linters before their shipment. It is this clause of the contract, according to the contention of appellant, that confers the right to maintain the suit in Cooke county. The statutes (Sayles' Texas Civil Statutes, art. 1194) provide: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * 5. Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile." Clearly, we think, the obligation which the writing must bind the obligor to perform must be such that its nonperformance would violate a legal right of the promisee and confer upon him an action for damages. The statute contemplates only such an obligation as might be made the basis of a suit. Ogburn-Dalchau Lbr. Co. v. Taylor, 126 S. W. 48. If this interpretation of the statute is correct, then the trial court was right in sustaining the special exception, since the breach of appellee's agreement to send a representative to Gainesville to inspect the linters before shipment, independently of that greater breach to accept and pay for such linters, gave to appellant no cause of action whatever. The essential obligation of appellee evidenced by the contract sued on was to accept and pay for the linters; and it is only a breach of this obligation which would give to appellant a cause of action. Performance in this particular is not promised in Cooke county. Therefore the case does not fall within the exception quoted, and the judgment of the trial court is, in all things, affirmed.

Affirmed.