### CASEY v. CARR.

(Court of Civil Appeals of Texas. San Antonio. May 29, 1912.)

VENUE (§ 21*)—ACTION ON CONTRACT—PLACE OF SUIT.

Plaintiff sued in Culberson county to recover rent on a lease contract executed in El Paso county. Defendant. when the contract was made and when suit was brought, resided in Jeff Davis county. The contract was made at defendant's headquarters ranch situated in territory then a part of El Paso county, but which, at the time suit was brought, was in Culberson county, in which county the leased land was situated. Held, that there was nothing in the contract or in the circumstances attending its execution to show that the rent was to be paid at any particular place, and hence defendant's plea of privilege to be sued in the county of his residence should have been sustained.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from Culberson County Court; S. W. White, Judge.

Action by John O. Carr against W. D. Casey. Judgment for plaintiff, and defendant appeals. Reversed, and venue changed.

O. L. Bowen, of El Paso, for appellant. R. M. Reed, of El Paso, for appellee.

MOURSUND, J. Appellee, John O. Carr, sued appellant, W. D. Casey, for breach of the following contract: "El Paso County, Texas. Van Horn, Texas. October 15, 1908. This is to certify, that I agreed to pay John O. Carr three cents an acre per three years. from said date on eight sections, 5, 6, 7, 8, 18, 19, 20, and 21, in block 105. This lease expires October 15, 11, and is to be paid on the 15th of each October, in each year. John O. Carr. W. D. Casey. Witness: J. M. Hutchinson. Amos Marlar." The defendant

filed a plea of privilege to be sued in Jeff Davis county, Tex., alleging that at the time of the institution of the suit he was a resident of Jeff Davis county, and has been ever since, and that no exception existed permitting the bringing of the suit elsewhere than in the county of his residence. The plea was overruled, and upon a trial before the court judgment was rendered in favor of plaintiff against defendant for $307.20, from which defendant has appealed.

The only assignment of error questions the correctness of the ruling of the court in overruling the plea of privilege. The evidence heard in support of and against the plea is shown by the bill of exceptions. The contract was introduced. It was testified by defendant that no agreement with respect to the payment of the lease was made other than that embraced in said contract; that defendant resided in Jeff Davis county when the contract was made, when suit was filed, and ever since. It was admitted that the contract was made and entered into at appellant's headquarter ranch, situated on territory then a part of El Paso county, but at the time of suit a part of Culberson county, and that the land mentioned in the contract is situated in said Culberson county, and also that the first year's lease money was paid in Reeves county.

Appellee contends the plea was properly overruled, because the contract was made at the appellant's headquarter ranch, which is situated on territory at that time a portion of El Paso county, but at the time of the suit a portion of Culberson county, and because it related to land now in Culberson county; that from such facts and the caption of the contract, the implication necessarily arises that the obligation to pay the lease was intended to be performed in territory now a part of Culberson county. We cannot agree with this contention. There is nothing in the contract or in the circumstances to show that the lease money was to be paid at any particular place. The plea of privilege should have been sustained. McCammant v. Webb, 147 S. W. 693, decided by this court and not yet officially reported; Birge v. Lovelady, 145 S. W. 1194; Bomar Oil Co. v. Schubert, 145 S. W. 1193; Ogburn Dalchau Lumber Co. v. Taylor, 126 S. W. 48; Walthew v. Milby, 3 Willson, Civ. Cas. Ct. App. 122; Little v. Woodbridge, 1 White & W. Civ. Cas. Ct. App. 152.

The judgment is therefore reversed, and the plea sustained, and, this court proceeding to enter the order which should have been entered below, the venue is changed to Jeff Davis county, and the county clerk of Culberson county is ordered to make up a transcript of all orders made in the cause and certify officially to same under the seal of the county court of Culberson county and transmit the same, together with the original papers of the cause, to the county court of Jeff Davis county, Tex., with the mandate of this court.

Reversed, and venue changed.