HUGHES v. TURNER. (No. 5708.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1916.)

1. VENUE ☞29—CONTRACT—PLACE OF PERFORMANCE.

Where plaintiff, residing in H. county, sold to defendants, residents of the same county, but whose partnership conducted business in another county, cotton to be delivered at their place of business, and tendered it at the time fixed for delivery, and the firm refused to accept it, so that plaintiff was compelled to sell it at a loss, his action for damages should be brought in H. county, and not in the county where defendant's business was conducted, since the confirmation of the sale and purchase requiring delivery in such other county added nothing to the contract, and did not make the contract performable there.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 43; Dec. Dig. ☞29.]

2. APPEAL AND ERROR ☞1173(2)—REVERSAL —PLEA OF PRIVILEGE.

Where plaintiff sued three partners, all residents of the same county, for damages for failure to accept cotton tendered as per a confirmation of sale and purchase, and where only one of the defendants appealed from the denial of his privilege to be sued in the county of his residence, and the judgment was reversed and dismissed as to him, it would not be disturbed as against the other defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4568, 4656; Dec. Dig. ☞1173(2).]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Action by Clint V. Turner against Ralph Hughes, W. D. Maples, and another. Judgment for plaintiff against all the defendants, and defendant Hughes appeals. Reversed as to appellant, Hughes, and the case as to him dismissed.

D. E. Decker and M. M. Kankins, both of Quanah, and M. C. Nelson, of Sinton, for appellant. B. D. Tarlton, Jr., and H. S. Bonham, both of Beeville, for appellee.

MOURSUND, J. [1, 2] Clint V. Turner sued Ralph Hughes, W. D. Maples, and R. V. Arnold, all residents of Hardeman county, alleging that they were partners under the firm name of Hughes & Co., engaged in the business of cotton brokers, which business they had conducted in the town of Sinton, and had bought from plaintiff 50 bales of cotton to be delivered at Sinton, Tex., on or about August 4, 1914, at the price of 12.75 cents per pound, basis middling; that plaintiff tendered said cotton on August 4th, and Hughes & Co. refused to accept the same; that on said date cotton was worth only 9¾ cents per pound, basis middling; that he was compelled to sell at that price and lost $758.

Arnold failed to answer. Maples filed a plea of privilege, and answered generally. Hughes filed a plea of privilege to be sued in Hardeman county, and subject to said plea answered generally, especially denying, under oath, the partnership alleged and that Arnold and Maples were his agents.

A verdict upon special issues was returned, and judgment entered thereon in favor of plaintiff against all the defendants for $757.77, with interest. Only Hughes appealed.

We conclude that under the undisputed facts the appellant's plea of privilege should have been sustained, and that the court erred in submitting issues relating thereto to the jury, and, upon their answers thereto, overruling said plea. The only contract in writing was constituted by confirmations of the sale and purchase. The confirmation of the sale stated that Turner had sold to

Hughes & Co. 50 bales of cotton f. o. b. Sinton, basis middling, at 12.70 cents per pound. The confirmation of purchase added nothing to the contract, but merely showed assent to the terms stated in the confirmation of sale. The obligation alleged to have been breached by Hughes was that of paying for the cotton. This obligation was not performable at Sinton under the terms of the written contract. We think this case is governed by the following decisions: Bomar Cotton Oil Co. v. Schubert, 145 S. W. 1193; Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Casey v. Carr, 148 S. W. 601; McCammant v. Webb, 147 S. W. 693.

As between the plaintiff, Turner, and defendants Maples and Arnold, who have not appealed, the judgment of the trial court will not be disturbed, but as between plaintiff and appellant Hughes it is reversed, with instructions to sustain the plea of privilege and dismiss that part of the case. Ft. Worth Horse & Mule Co. v. Smith, 149 S. W. 200; Galveston D. G. Co. v. Mitchell, 171 S. W. 278.