## TREVATHAN v. G. M. HALL & SON.
### (No. 395.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 25, 1919. Rehearing Denied March 5, 1919.)

1. APPEAL AND ERROR ⬅️544(1) — MATTERS REVIEWABLE — PRESERVATION OF OBJECTIONS.

Appellate court may consider assignment complaining of action of trial court in refusing plea of privilege, although appellant did not prepare and have approved and file a formal bill of exceptions at term same was acted upon; it being sufficient that appellant prepared and had approved and filed statement of facts in connection with his privilege, and upon final trial prepared and had approved and filed a formal bill of exceptions.

2. VENUE ⬅️7—PLACE OF TRIAL—SALES.

Order for potatoes to be shipped to N. county held not to constitute contract in writing to

pay for potatoes in N. county, so as to prevent buyer from having seller's' action for price removed to county of defendant's domicile.

**3. Action ⬅⟶50(4)—Joinder of Causes of Action—Parties Involved.**

A cause of action upon a written contract for price of potatoes could properly be joined with a cause of action for damages against any one or more defendant railway companies for negligence, if any, in a shipment of the potatoes.

**4. Interest ⬅⟶44 — Recovery of Purchase Price.**

In action for purchase price of potatoes to be shipped by carrier, it was error to allow a recovery for interest for any period of time prior to actual shipment or prior to seller's compliance with contract.

**5. Interest ⬅⟶66—Purchase Price—Pleading.**

In action for purchase price, plaintiffs may recover interest without a special prayer therefor, especially where there is a plea for general relief.

**6. Interest ⬅⟶39(1)—Purchase Price.**

In action for purchase price of personalty, where there is nothing to indicate with reasonable certainty date upon which personalty was to be paid for, no interest should be allowed prior to judgment.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Suit by G. M. Hall & Son against S. E. Trevathan and others. From judgment for plaintiffs, the named defendant appeals. Reformed and affirmed.

Marshall & Marshall, of Nacogdoches, for appellant.

Harris & Harris, of Nacogdoches, for appellees.

HIGHTOWER, C. J. This cause comes here by appeal from a judgment of the county court of Nacogdoches county.

The appellees, G. M. Hall & Son, plaintiffs below, filed this suit originally against appellant, S. E. Trevathan, and the Houston East & West Texas Railroad Company as defendants, and afterwards and before trial, the Texas & New Orleans Railroad Company, Ft. Worth & Denver Railway Company, and Texas & Pacific Railway Company were made parties defendant by appellees; it being alleged by appellees that they were connecting carriers of the defendant Houston East & West Texas Railroad Company, and were connected with the shipment of the potatoes in question, etc.

The appellees are residents of Nacogdoches county, Tex., and the appellant, Trevathan, is a resident of Wilbarger county, Tex., and the Houston East & West Texas Railroad Company and the Texas & New Orleans Railroad Company operate a line of railroad into and through Nacogdoches county, and each has a local agent in the town of Nacogdoches, in that county.

In order to show jurisdiction over appellant, Trevathan, in Nacogdoches county, it was alleged substantially:

(1) That appellant contracted in writing with appellees to pay for said potatoes at Appleby, in Nacogdoches county.

(2) It was alleged, substantially, by appellees that appellant was claiming as his excuse for not paying for said potatoes according to the contract price that said potatoes, when they reached their destination in Wilbarger county, were found to be considerably damaged and practically rotten, and further that they were not of the kind which appellant had offered and contracted to buy, and in this connection appellees alleged that this lot of potatoes was delivered to the Houston East & West Texas Railroad Company at Appleby, Tex., and that when so delivered to said railroad company they were perfectly sound and in good condition, and were of the kind and character called for in the written order and contract of appellant, Trevathan, but that, in the event it should be ascertained upon the trial that said shipment of potatoes was damaged, as contended by appellant, Trevathan, and for that reason acceptance of said potatoes was refused, that then such damages occurred after said potatoes were delivered to said railroad company, and that such damage was caused by negligence on the part of said Houston East & West Texas Railroad Company and its connecting carriers, and appellees prayed that in the event it should be determined that appellant, Trevathan, was not liable to them for said potatoes on account of their damaged and rotten condition, that then appellees have judgment against said railroad companies for the value of said potatoes.

In due and proper time appellant, Trevathan, filed his plea of privilege to be sued in Wilbarger county, the county of his domicile, properly denying that he had contracted in writing to pay for said potatoes in Nacogdoches county, and praying that as to him the venue of the suit be changed to the county of his domicile.

Appellant, Trevathan, also filed an answer, which contained general and special exceptions, among others he specially excepting on the ground of misjoinder of parties, as well as misjoinder of causes of action, and that there was no common liability shown against him with the other defendants in Nacogdoches county, and also appellant interposed special pleas of misjoinder of parties and causes of action. He also denied generally the material allegations in appellees' petition, and further specially alleged, substantially, that when said potatoes reached Vernon, in Wilbarger county, the place of their destination,

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

they were badly damaged and rotten, and practically worthless, and also that they were not of the variety of potatoes ordered by him from appellees, and his said contract to buy, specifying in this connection the difference between the variety and kind ordered and that shipped, and further alleged that the damage to the potatoes, their rotten condition, etc., was due to the fact that they had been improperly loaded in the car at Appleby, Tex., and that they were loaded when they were wet and damp, and in improper sacks, all of which was alleged to be the fault of appellees, and in breach of their contract with appellant. Though there were several amendments by the parties before the case was finally reached for trial, still appellant at all times renewed his plea of privilege and his exceptions and pleas relative to the misjoinder of parties and causes of action.

At the first term of the court convening after the plea of privilege was filed by appellant, his plea of privilege was presented to the court and evidence heard thereon, and the same was overruled by the court, to which ruling appellant duly excepted, and had his exception noted on the docket, but failed to prepare and file a formal bill of exceptions to the court's ruling on his plea of privilege at that term. Appellant did, however, prepare, have approved, and cause to be filed a statement of facts in connection with his plea of privilege, all of which was done during the term of court at which the plea was overruled, which was the January term, 1917. Final trial was not had until the November term, 1917, and at that term appellant prepared and presented and had approved and filed a formal bill of exceptions to the action of the court in overruling his plea of privilege at the January term.

All of the railway company defendants filed answers, and thereafter amended, and each adopted, among other things, appellant's plea to the jurisdiction of the court. These defendants each also interposed general and special demurrers, unnecessary to mention, and specially denied any liability to appellees because of any negligence on their part in handling said shipment of potatoes, as claimed by appellees.

When the case was called for final trial, appellees dismissed as to the Texas & Pacific Railway Company, and the court overruled appellant's exceptions and pleas raising the issue of misjoinder of causes of action and of parties, to all of which appellant duly excepted. The case proceeded to trial on its merits, with a jury, and resulted in a judgment in favor of appellees against appellant for the sum of $202, together with interest thereon at the rate of 6 per cent. per annum from the 18th day of November, 1916; and the court further by its decree awarded to appellees judgment for $140, which had been tendered

and deposited in court by the defendant Ft. Worth & Denver Railway Company, and which represented the proceeds of the shipment of potatoes in question received by that railway company upon sale of such potatoes after appellant had declined to receive the shipment.

In all other respects and as to all defendant railway companies still before the court a verdict was peremptorily instructed in their favor, to which action neither appellant nor appellees excepted.

The first assignment of error found in appellant's brief complains of the action of the trial court in refusing to sustain his plea of privilege. His contention in this connection is that the written order for the potatoes in question was not a contract in writing on his part to pay for said potatoes in Nacogdoches county.

[1] Appellees object, and contend that this court should not and cannot consider this assignment, for the reason that appellant did not prepare and have approved and filed a formal bill of exceptions to the action of the court in overruling his plea of privilege at the term the same was acted upon, and that, because of such failure on appellant's part, he has no right to assign error to the action of the court in overruling his plea of privilege.

While we are aware that this contention on the part of appellee has support in several holdings made by Courts of Civil Appeals of this state, yet we are of the opinion that such ruling in those cases was not correct, but that the holding to the contrary in Holmes v. Coalson, 178 S. W. 628, is decisive of this point against the contention of appellees. We have therefore considered appellant's first assignment of error challenging the correctness of the ruling on his plea of privilege.

[2] The only writing found in the record which it could be contended constituted a written promise by appellant to pay for the potatoes in question in Nacogdoches county is the order given by appellant to appellees, reading as follows:

"Vernon, Tex., November 18, 1916.

"G. M. Hall & Son, Appleby, Texas—Gentlemen: We are in receipt of your letter quoting first class sweet potatoes at 55 cts. per bushel in bulk, or 60 cts. sacked. If you can get us a minimum car of good stuff we can use them. We are not familiar with some of the potatoes grown in East Texas, but would want nothing but the yellow potatoes, such as the Nancy Hall, pumpkin yam, or other variety of good yellow sweet potatoes. It takes about 375 bushels for a minimum car, and we would want that many, as the freight would be higher in less than carloads. In packing these potatoes, please be careful not to use meat sacks, as the salt causes them to rot. If you see you can get us a car by the middle of the coming week, please wire us Monday morning. We would like for you to give this matter your personal attention, as

209 S.W.—29

it is necessary that we get first-class stuff in order to handle produce in quantity lots.

"Yours respectfully,     S. E. Trevathan."

This written order given by appellant to appellees did not constitute a contract in writing to pay for the potatoes ordered in Nacogdoches county. Cameron v. Webb, 3 Willson, Civ. Cas. Ct. App. § 417; Elliott on Contracts, vol. 2, § 1825, and authorities there cited; Casey v. Carr, 148 S. W. 601. If, therefore, appellees' right to sue appellant in Nacogdoches county depended alone upon this written order, the trial court would have been in error in overruling appellant's plea of privilege.

[3] The fourth, fifth, and sixth assignments of error are grouped, and are asked to be considered together. These assignments relate to the action of the trial court in overruling appellant's exceptions raising the point of misjoinder of parties and causes of action. These assignments are followed by one proposition, as follows:

"The cause of action against defendant Trevathan was upon a written contract for the purchase price of potatoes, and could not properly be joined with a cause of action for damages against any one or more defendant railway companies for negligence, if any, in the shipment of the potatoes."

Under the authority of Kemendo v. Fruit Dispatch Co., 61 Tex. Civ. App. 631, 131 S. W. 73, we think the appellees were authorized to make the railway companies sought to be held as defendants parties to this suit, and especially the Houston East & West Texas Railroad Company, and that such railroad company being a proper party defendant with appellant in this case, appellant's contention of misjoinder of parties and causes of action must be overruled, and that appellant was suable in Nacogdoches county, with other proper defendants to the action. These assignments, as well as Nos. 2 and 3, are therefore overruled.

This case was submitted to the jury upon one special issue as follows:

"Did the plaintiffs, G. M. Hall & Son, ship to the defendant S. E. Trevathan a car of good sound potatoes, of pumpkin yam, Nancy Hall, and other yellow varieties, properly loaded and in a suitable car? You will answer this issue 'Yes' or 'No.'"

In this connection the court instructed the jury that the burden of proof was upon the plaintiff. To the issue thus submitted the jury answered "Yes."

If it be true, as found by the jury, that the potatoes, when loaded on the car by appellees at Appleby, Texas., were good and sound potatoes, and were of the pumpkin yam and Nancy Hall and other yellow varieties, and that such potatoes were properly loaded in a car suitable for that purpose, then appellees fully complied with the writ-

ten contract or order of November 18, 1916, hereinbefore mentioned, and upon this point we hold that the evidence in the record, which seems to have been given credence by the jury, was amply sufficient to warrant the finding on this point, and to establish liability on the part of appellant to appellees for the contract price of these potatoes, regardless of their condition when the shipment reached Vernon. This, in effect, disposes of assignments 7, 8, 9, 10, and 11 which are grouped in appellant's brief, and relate to the action of the court in refusing certain special issues requested by appellant.

[4] The twelfth assignment of error complains of the court in overruling appellant's motion duly filed to correct the judgment against appellant, in so far as the same allows interest upon the amount recovered against him from the 18th day of November, 1916; the contention in this connection being that the court has allowed interest by its judgment from a date even prior to the date of shipment of the potatoes in question. and upon inspection of the record we find that this contention is true. The order for the potatoes, as hereinbefore shown, was dated November 18, 1916, but, as best we can tell from the record, the potatoes were not loaded or shipped before November 25th. It will be seen, therefore, that the court was in error in allowing a recovery for interest for any period of time prior to the actual shipment of the potatoes by appellees, or prior to their compliance with the contract, by loading the potatoes on the car at Appleby, Tex., even if interest could be recovered from that day. But we are not sure that under the contract in this case interest could be recovered until the shipment, in the usual course and time, reached appellant at Vernon, Tex. The record is so indefinite, so far as proof is concerned, as to when payment for these potatoes was to be made, that we are unable to tell, and we are unable to see how the trial court could determine, the date from which interest should be allowed.

[5] It does not follow, however, that appellant is right in his contention that no interest at all was recoverable prior to judgment, because not specially prayed for by appellees; for we are of the opinion that on a cause of action of this character, as between appellees and appellant, interest would be allowable as a matter of law without a special prayer therefor, if the date for the payment of the principal sum could be reasonably determined from the evidence, especially so where there is a prayer, as here, for general relief.

[6] We are sure, however, that interest was not recoverable from November 18, 1916, and since there is nothing to indicate with reasonable certainty the date upon which these potatoes should have been paid for, we are of the opinion that the trial court was in

error in allowing any interest prior to judgment in this case, and should have granted appellant's motion to correct the judgment, in so far as interest was allowed.

Therefore it is the duty of this court to sustain the twelfth assignment of error, and, in view of the attitude of the record, to hold that the trial court was in error in allowing any interest prior to judgment in the case. The assignment will therefore be sustained, and the judgment of the trial court will be corrected and reformed so as to allow judgment in favor of appellees against appellant for the sum of $202, with interest thereon from the 22d day of November, 1917, at the rate of 6 per cent. per annum, until such time as the judgment shall be satisfied, and in all other respects the judgment will be affirmed.

Because of the error of the trial court in refusing to correct the judgment as to interest allowed, the costs of this appeal will be adjudged against appellees.

Judgment reformed and affirmed.