## KENNEDY & GAFFORD v. REPPOND.
### (No. 617.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 18, 1920.)

Venue ⬤⟲22(1)—Though action as to nonresident could be brought in county of plaintiff's residence, privilege of resident codefendants is not destroyed.

Where plaintiff, who purchased an automobile from defendants residing in Texas, surrendered possession to a nonresident searching for the car, and then brought sequestration proceedings against such nonresident and the resident sellers, plaintiff cannot, because Rev. St. art. 1830, exceptions 2 and 3, allowed the action as to the nonresident to be brought in the county of his residence, maintain the action as to the resident defendants in such county; the county of plaintiff's residence not being their residence, for there is no exception destroying the privilege of codefendants in case one of them is not a resident, as in case of residents.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by J. W. Reppond against E. E. Cline and G. C. Kennedy and Bob Gafford, doing business as Kennedy & Gafford. From an order overruling the plea of privilege of the defendants last named they appeal. Reversed and remanded, with instructions to transfer.

Hodges & Greve, of Nacogdoches, for appellants.

S. M. Adams, A. A. Seale, and Harris & Harris, all of Nacogdoches, for appellee.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALKER, J. This is an appeal from an order of the district court of Nacogdoches county overruling a plea 'of privilege. The following is the complete statement of facts, as agreed to by the parties, to wit:

"That plaintiff, J. W. Reppond, was a resident citizen of Nacogdoches county, at and before and since the filing of this suit, and that he purchased the car in question from defendants Kennedy & Gafford a partnership composed of G. C. Kennedy and Bob Gafford, doing an automobile business in Sulphur Springs, Hopkins county, Tex., in January, 1919, for the sum of $500 cash, and later moved to Nacogdoches county.

"That E. E. Cline is 'and was at the time of filing of this suit a transient person in Texas and a resident citizen of Oklahoma City, Okl., and came to Nacogdoches county in search of the car, and January 9, 1920, prevailed upon J. W. Reppond to turn the car over to him; that January 14, 1920, Reppond filed suit in the district court of Nacogdoches county against E. E. Cline for the title and possession of the car, and sequestrated it, and in the same suit made Kennedy & Gafford parties defendant, upon their verbal warranty made him when he bought the car, upon which he relied, that they were the owners of the car which induced him to purchase and pay for it.

"That G. C. Kennedy and Bob Gafford, both now and before the filing of this suit, and at the time it was filed, and when service was had upon them and at the time of filing their plea, were both resident citizens of Sulphur Springs, Hopkins county, Tex., engaged in the automobile business in Sulphur Springs, and that they, nor neither of them, lived in Nacogdoches county, before nor since the filing of this suit, but in Sulphur Springs, Hopkins county, and that they bought the car in question and sold it to Reppond in Sulphur Springs, Hopkins county.

"That the car in question was left with Ben T. Wilson's garage, in the city of Nacogdoches by E. E. Cline after he had gotten it from Reppond, and where the car is now being held by said Wilson for charges made for the repairs on the car at the request of E. E. Cline, before it was sequestrated by Reppond.

"That Kennedy & Gafford, in due form of pleading, presented their plea of privilege to be sued in Hopkins county, the place of their residence, and that the plaintiff filed his sworn plea, opposing their plea of privilege in due order of pleading, and the cause was set and heard by agreement of all parties on the plea of privilege upon the above facts."

The court erred in overruling the plea of privilege. Exceptions 2 and 3, article 1830, Revised Civil Statutes, fix the venue of suits against a transient person and a nonresident. In the first instance the venue is laid "in any county in which he may be found," and in the second, "in the county in which the plaintiff resides." Under the agreed statement of facts, the venue against E. E. Cline was properly laid· in Nacogdoches county, whether we treat him as "a transient person in Texas" or as a "resident citizen of Oklahoma City, Okl.," or, quoting from the statement of facts, as "a transient person in Texas and a resident citizen of Oklahoma City, Okl."

Appellants were proper parties to appellee's suit, but not necessary parties. If Cline were a citizen of Texas, under the rule announced in Kemendo v. Fruit Dispatch Co., 61 Tex. Civ. App. 631, 131 S. W. 73, and reaffirmed in Farmers' National Bank of Center v. Merchants' National Bank of Houston, 136 S. W. 1120; Trevathan v. Hall & Son, 209 S. W. 447, possibly the venue could be sustained in Nacogdoches county. This would be under the fourth exception of article 1830:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside."

But we have no exception giving venue against an inhabitant of this state· on the ground that his codefendant—a transient person or a nonresident—is properly sued in a county in which such inhabitant does not have his domicile. It was said in Lindheim & Bros. v. Muschamp, 72 Tex. 35, 12 S. W. 125:

"To entitle the plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within some exception named in the statute." Claiborne v. Pickens, 16 S. W. 867; Sublett v. Hurst, 164 S. W. 448; Hudgins & Bro. v. Low, 42 Tex. Civ. App. 556, 94 S. W. 411; Watson v. Howe, 214 S. W. 843.

We regard these authorities as directly in point against the judgment of the court.

The judgment in this case is reversed, and the cause remanded, with instructions to the trial court to transfer this cause of action, in so far as it affects appellants, to the district court of Hopkins county, Tex.