**LA SALLE COUNTY WATER IMPROVEMENT DIST. NO. I v. ARLITT.** (No. 7136.)

Court of Civil Appeals of Texas. Austin. June 15, 1927.

Rehearing Denied July 20, 1927.

1. Venue ⊕═⇒7—Under statute permitting bringing suit on contract in county where obligation is to be performed, obligation must rest on defendant and form basis of suit (Rev. St. 1925, art. 1995, subd. 5).

Under Rev. St. 1925, art. 1995, subd. 5, providing that if person has contracted in writing to perform an obligation in a particular county, suit may be brought either in said county or where defendant has his domicile, obligation to be performed in such county must rest on defendant and must form basis, or one of bases, of suit.

2. Contracts ⊕═⇒127(4)—Venue is not subject of contract.

Parties cannot fix venue by agreement.

3. Venue ⊕═⇒7—Where defendant repudiated agency contract for sale of bonds, plaintiff could not designate bank to which bonds were to be shipped, before bonds were issued, merely to fix venue for suit for breach of contract (Rev. St. 1925, art. 1995, subd. 5).

Where defendant repudiated contract whereby plaintiff was to act as agent for sale of defendant's bonds, which provided that bonds were to be shipped through banks plaintiff designated, and defendant agreed to pay commission at designated bank, and plaintiff after defendant's repudiation, designated bank within T. county merely to fix venue for suit, such designation in advance of sale and issue of bonds did not obligate defendant to deliver bonds in T. county, and suit for breach of contract could not be maintained there under Rev. St. 1925, art. 1995, subd. 5.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by J. L. Arlitt against La Salle County Water Improvement District No. 1. From an interlocutory order overruling a plea of privilege seeking to change venue to domicile of defendant, defendant appeals. Order set aside, and cause remanded, with instructions.

Templeton, Brooks, Napier & Brown and Gaines, Quin, Harley & Gaines, all of San Antonio, for appellant.

Hart, Patterson & Hart, of Austin, for appellee.

McCLENDON, C. J. Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue and transfer the cause to the district court of La Salle county, the domicile of defendant.

Appellee's claim of right to sue in Travis county is rested alone upon subdivision 5 of article 1995, Revised Statutes, reading:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The cause of action in suit was based upon a written contract executed by appellant and appellee, whereby the latter was to act as the advisor and financial agent of the former in all matters pertaining to the issue and sale of its bonds, for which services appellee was to receive 3 per cent. of the sales price of all bonds sold. The record shows that prior to the sale or offer for sale of any bonds appellant repudiated the contract and declined to be further bound thereby. The provisions of the contract upon which appel-

lee relied to fix the venue in Travis county follow:

"All bonds are to be shipped through such bank or banks as we (appellee) may specify."

And:

"Our (appellee's) compensation of 3 per cent. of the actual sale price received for the bonds handled under this proposal shall be deducted by us on each and every installment of bonds as delivered to the purchaser through us."

Immediately after this repudiation, appellee addressed a letter to appellant, designating the Citizens' State Bank of Austin, Tex., as the bank to which bonds should be shipped under the above stipulation. Appellant's repudiation was dated August 26, 1926; appellee's designation of the Austin bank was dated August 28, 1926, and the suit was filed September 4, 1926.

It is the contention of appellee that the necessary legal effect of these stipulations and designation was to obligate appellant to ship the bonds to appellee at Austin, Tex., where he was authorized under the terms of the contract to deduct his commission, and that therefore there was a written obligation, binding upon appellant, to perform its part of the contract, that is, to pay the commissions, in Travis county. If this contention is not correct, then it is conceded that the venue was not properly laid in Travis county, and the plea of privilege should be sustained. Since we have reached the conclusion that this is not a proper interpretation of the contract, other questions raised by appellant become immaterial, and discussion of them will be pretermitted.

[1] The decisions of this state uniformly hold that the fact that the written contract in suit imposes upon the plaintiff obligations to be performed in the county where suit is brought does not give jurisdiction in such county under subdivision 5 above quoted, but that the obligation to be performed in such county must rest upon the defendant, and must form the basis, or one of the bases, of the suit. Ogburn v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Bomar v. Schubert (Tex. Civ. App.) 145 S. W. 1193; Birge v. Lovelady (Tex. Civ. App.) 145 S. W. 1194; McCammant v. Webb (Tex. Civ. App.) 147 S. W. 693; Casey v. Carr (Tex. Civ. App.) 148 S. W. 601; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715; Heid Bros. v. Reisto (Tex. Civ. App.) 247 S. W. 349 (writ of error refused); Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299.

[2] It is also held that venue is not a subject of contract but that:

"The rules to determine in what courts and counties actions may be brought are fixed, upon considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience." International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630.

Venue in Travis county must rest, therefore, not upon any agreement of the parties providing for such venue, but upon the statute fixing the venue there by virtue of a written contract obligating performance by appellant in that county.

[3] If we concede for the purpose of this case the correctness of appellee's construction of the contract to the effect that the provision with reference to shipment of bonds meant a shipment to appellee or his order and consequent delivery by appellant to appellee at the point to which, or, as the contract states, "bank through which," the bonds were to be shipped, and that the stipulation with reference to deduction of commissions in connection with the shipping stipulation amounted to an obligation on appellant's part to pay the designated commission at the designated bank, still we do not think the case as presented falls within section 5 of article 1995, for the following reasons:

The contract provided that appellee was to act both as financial agent and advisor of the district in reference to its bonded indebtedness, and was required to do a great many things prior to the offer of any bonds for sale. The experience of appellee in handling large bond issues and the extent of his organization and business connection, as well as his reputation and standing in the financial world as a bond salesman, constituted a material consideration for the contract. Appellee expressly assumed responsibility for the sale of all the bonds issued or to be issued at any time by the district, and all expenses in connection therewith. The provision above quoted with reference to deducting appellee's commissions provided for such deduction "on each and every installment of bonds as delivered to the purchaser through us." And the provision for shipping bonds provided that they should be shipped through "such bank or banks as we may specify."

It is clear from these provisions of the contract that the purpose of the provision giving appellee the right to designate the bank or banks through which bonds should be shipped was to facilitate sales, in that it gave to appellee the right to make whatever arrangements the purchaser might demand with reference to the place where bonds sold were to be delivered and the bank or banks through which such delivery should be made. It is manifest that this provision of the contract had only incidentally, at most, to do with the place of performance by appellant of its obligation to pay commissions; and it is further manifest that this provision did not contemplate the designation in advance of any sale or arrangement for sale of some

bank or banks as a place of shipment for all bonds thereafter sold under the agreement. The contract contemplated that bonds might be sold or delivered in installments and would authorize sales to different parties. The right to designate the bank or banks through which shipment of bonds were to be made was clearly, we think, a continuing right in favor of appellee, and any designation which he might make would not necessarily be final, but might be changed if circumstances required. The shipping charges and exchange in connection with sale and delivery of bonds were all to be borne by appellee, and the right of designation which the contract gave to appellee made it immaterial to appellant where or to what banks the bonds were shipped.

It is clear to our mind that a mere designation in advance of any sale or negotiations for sale of bonds would not, under the provisions of the contract, irrevocably bind appellee to accept all bonds in the future through such designated bank, and thus deprive him of the right to change the designation to some other bank or banks if he found it inconvenient or inexpedient to negotiate the most advantageous sale by delivery through the channel originally designated. In other words, we think the provision with reference to designation of a bank or banks through which shipment of bonds should be made was merely one for convenience of appellee and to facilitate his negotiations for such sale and delivery, and that the designation might be changed from time to time as circumstances might require.

This we think is the proper interpretation to be given to this provision of the contract, and, if correct, then it necessarily follows that the designation by appellant of the Austin bank on August 28, 1926, was not made in accordance with the contract and did not obligate appellant to deliver bonds in Travis county. Two days before this designation was made appellant had repudiated its contract and declined to recognize appellee as its agent or permit him to further perform his part of the contract. No bonds had been issued or sold, and no negotiations for sale had been had up to that time. The designation was clearly made for the sole purpose of fixing venue in Travis county, and not for the purpose of making delivery of bonds to a purchaser. It is true that the cause of action alleged by appellee was based upon the written contract, and the suit was for damages arising from its breach by appellant. It is also true that when appellant repudiated its contract appellee had the right to treat the contract as breached and sue for his damages, or to insist upon the contract as written and tender further performance. Appellee, however, did not follow the latter course, but followed the former; and, while as stated his suit is for breach of the contract, nevertheless it is not based upon complete performance on his part and a refusal by appellant to pay his earned compensation, but his entire suit is predicated upon a repudiation by appellant under which he was prevented from further performance of the obligations which the contract imposed upon him. There is a marked difference between the two proceedings, as is clearly pointed out in the case of Tufts v. Lawrence, 77 Tex. 526, 14 S. W. 165. In either case the contract furnishes the basis for fixing the amount of the recovery, but the measure of damages is not necessarily the same. Where the plaintiff has fully performed he can recover the full amount he is to receive under the contract; but where the contract has been repudiated before full performance by plaintiff, he cannot recover as for full performance, but only the amount to which he would have been entitled for full performance, less his necessary outlay to full performance. In other words, compensation measured by the contract is the basis of recovery in all actions ex contractu. The contract on its face provides that all expenses incident to the sale of bonds be borne by appellee, and clearly his necessary additional expense in further performing his contractual obligations after the repudiation was a proper deduction from the stipulated commissions, and this is true regardless of where the burden may rest for showing what such additional expenses would have been. If appellant had not repudiated the contract and appellee had proceeded to the point of having sold bonds and designated the Austin bank, then his contention would be correct under his above interpretation of the contract. But no such situation existed; the occasion for making a bank designation had not arisen at the time the suit was filed, and under these circumstances the designation was premature and was not made in accordance with the contract. If appellee had not accepted the repudiation as a breach of the contract, but had waited until bonds were issued and ready for sale and had then tendered a purchaser and designated a bank for shipment, a different question would be presented. But that is not the case here. Appellee treated the repudiation as a breach and brought suit on September 4, 1926, only a few days after the repudiation, and before anything further had been done with reference to issuance or sale of bonds. Appellee sued for the entire amount of 3 per cent. commission on a total issue of $7,331,000 of bonds, and based his right to recover, not upon completed performance of his obligations, which included a sale of the bonds, but upon the ground that he had been prevented from further performance, but for which he would have been able to sell the bonds at par and to have earned the commission for which the contract provided. The cause of action was based upon the repudiation of the contract as constituting its

breach, and the designation of the Austin bank for shipment of the bonds was manifestly made solely for the purpose of fixing the venue in Travis county, and not under the provisions of the contract for the purpose of completing a sale by delivery to a purchaser. The designation was therefore ineffectual and did not impose upon appellant under the terms of the contract the obligation to deliver bonds in Travis county.

It is ordered that the trial court's order overruling appellant's plea of privilege and retaining jurisdiction of the case be set aside, and the cause is remanded to that court, with instructions to enter an order transferring it to the district court of La Salle county.

Order overruling plea of privilege set aside; cause remanded, with instructions.