### KEELING et al. v. COLLINS GRAIN CO.
#### No. 12781.

Court of Civil Appeals of Texas. Fort Worth. Feb. 25, 1933.

Rehearing Denied April 1, 1933.

Cantey, Hanger & McMahon and Carlisle Cravens, all of Fort Worth, for appellants.

Baylor B. Brown and Allen C. Steere, both of Fort Worth, for appellee.

CONNER, Chief Justice.

This appeal is from an order of the county court of Tarrant county overruling the pleas of privilege of appellants, J. R. Keeling and Emmett T. Keeling, residing and doing business as J. R. Keeling & Son in Taylor county.

The material facts are substantially as follows: The Collins Grain Company, doing business in the city of Fort Worth, Tarrant county, through its executive officer, called the Keelings over the telephone and ordered a carload of milo maize heads shipped to Cleburne, Johnson county, agreeing to pay therefor the stipulated price agreed upon, but directed that the bill of lading and draft for the payment should be sent to the grain company at Fort Worth. The Keelings shipped the grain to Cleburne, Johnson county, receiving from the railroad company a bill of lading to "shipper's order notify Collins Grain Company," and indorsed the bill of lading, attached thereto a draft for the purchase price, and sent same to a bank in Fort Worth for collection. The grain company upon notification paid the draft at Fort Worth, received the bill of lading, sent to Cleburne its agent, who, on examination of the grain, concluded that it was not in good order, and for the purpose of having it tested had the shipment diverted to Fort Worth; there being no facilities for such a test at Cleburne. Having found upon a test, as the grain company alleges, that the grain had been damaged, this suit was instituted in the justice court of Tarrant county against the Keelings to recover the sum of $150 damages on the ground that the grain was not of the grade and merchantable quality contracted for.

■ We do not think this case distinguishable in principle from that of Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672, where, in a carefully worded opinion written by Mr. Justice Greenwood, it is held that a shipper's order bill of lading attached to a sight draft constitutes a written obligation on the part of the seller, performable in the county where the draft is payable. In the case referred to the diversion of the shipment was to the point where the draft was made payable; whereas, in the case before us the diversion was caused by the grain company after the arrival of the cars at the destina-

tion specified in the bill of lading. Generally speaking, either the shipper or the person to whom delivery is intended to be made may divert a shipment over a railroad, but such right of diversion exists only during the transit and not upon arrival at the specified destination. See Texas Jurisprudence, vol. 8, § 73, p. 130, and cases cited in note in 61 A. L. R. page 1316, par. III. But we do not think this distinguishing feature material. As a matter of fact, the grain company was accorded the privilege of diversion by the railroad company whether or not the grain company was entitled thereto. The legal effect of the shippers in causing the delivery of the shipment to be made to their order was to reserve in themselves the legal title and right of possession of the grain until it was paid for. See Adoue v. Seeligson & Co., 54 Tex. 594; Missouri Pac. Ry. Co. v. Heidenheimer, 82 Tex. 195, 17 S. W. 608, 27 Am. St. Rep. 861; Texas Jurisprudence, vol. 8, §§ 18–22. Hence the bill of lading in question having been indorsed by appellants with draft attached and sent to its agent at Fort Worth for payment amounted to a written agreement, performable in Tarrant county, to confer upon appellees the legal title and right to possession. If so, as we think must be held, under the decision of Marcus v. Armer, supra, appellants' case comes within the meaning of exception 5 to the general rule of our statute entitling inhabitants of this state to be sued in the county of their residence. The exception thus reads: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The judgment below is accordingly affirmed upon the authority of Marcus v. Armer, supra, and cases cited therein, and article 894, Rev. Civ. Statutes, and 4 R. C. L. p. 32, par. 35.

On Motion for Rehearing.

■ We are not convinced of error in our conclusion as announced in the brief opinion filed on February 25, 1933, by a review of the authorities cited in the motion. The case as we construe it is not one based upon an incidental requirement of a contract as treated in the case of Bomar Cotton Oil Co. v. Schubert (Tex. Civ. App.) 145 S. W. 1193, pressed upon us in behalf of appellants, but one, as we think, that has for its basis a violation of a written contract. The bill of lading and its indorsement by the shipper, with draft for payment attached thereto, is certainly treated as a contract in writing as we construe the opinion of Judge Greenwood in the case of Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672. Thereby the shipper agrees to convey title and deliver to the consignee the grain shipped upon payment of the draft. By the payment of the draft by the appellee it then, and not before, acquired title to the cotton seed. As must be held we

think, such a sale included an implied warranty on the part of the seller that the grain so transferred was of merchantable quality, and the basis of this suit in substance is upon the breach of the agreement necessarily embodied in and implied from the bill of lading and payment of draft.

The motion for rehearing is overruled.