### J. D. HUDGINS & BRO. v. W. H. LOW ET AL.

Decided April 11, 1906.

**1.—Plea of Privilege—Trial by Jury.**

A plea of privilege presents a question of fact, and the defendant has the same right to have this question tried by a jury as any other question of fact in the case.

**2.—Plea of Privilege—Verification of by Codefendant.**

One defendant may verify a plea of privilege for a codefendant when duly authorized to do so.

**3.—Venue—Residents and Nonresidents as Codefendants.**

There is no provision of law that will authorize suit against a resident by joining him with a nonresident in any other than the county in which the resident resides.

Appeal from the District Court of Wharton. Tried below before Hon. Wells Thompson.

*G. G. Kelly,* for appellant.—Either party to a suit has the right under the Constitution and statutes of Texas, to a trial by jury, upon the issue of fact as to the residence of the defendant raised by a plea of personal privilege. Const. of Texas, art. 1, sec. 15 and art. 5, sec. 10; Rev. Stats. of Texas, title 62, chap. 7; Howeth Bros. v. Clark, 4 Texas App. Civ. Cases, sec. 315; Robertson v. Ephrahim, 18 Texas, 118; Kelso v. Adams, 2 Texas U. C., 374; Hilliard v. Wilson, 76 Texas, 184; Graves v. First Nat. Bank of Bonham, 77 Texas, 154; Townes on Pleading, pp. 90, 238 and 360; Sayles' Texas Civil Practice, sec. 252, p. 282.

Where the want of authority of a party, assuming to act as agent for another in the filing of a pleading in a cause, is disclosed by his own evidence upon the hearing of the plea, the plea should be stricken out on motion of the adverse party.

Partners are jointly and severally liable for damages for breach of contract, and if the court has no jurisdiction over one of two partners sued the cause should be dismissed as to him, and proceeded with as to the other. Rev. Stats., art. 1194; Frank v. Tatum, 87 Texas, 205; Gulf, C. & S. F. Ry. Co. v. Wilson, 7 Texas Civ. App., 128; Wiggins v. Blackshear, 86 Texas, 666; Frost v. Erath Cattle Co., 81 Texas, 510; Texas & P. Ry. Co. v. Hornbeck, 90 Texas, 496.

No brief for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages for $15,575.23 instituted by appellants against appellees W. H. Low and George Gray. It was alleged that Low was a resident of Cass County, Iowa, and Gray a resident of Wharton County, Texas. In a supplemental petition it was alleged that Low had temporarily removed to and was residing in Colorado County, Texas. Appellees filed a plea of privilege in which it was alleged that George Gray was then and at the time suit was instituted a resident citizen of Colorado County, Texas, and W. H. Low was a resident citizen of Cass County, Iowa. Evidence was heard on the plea of privilege and it was sustained and the suit dismissed.

In the judgment is the following recitation: "Said cause having been placed upon the jury docket on the first day of court and the jury fee being paid to the clerk of said court; and thereupon the court refused plaintiff's demand for said jury upon the ground that they were not entitled to a jury to determine said plea, but that same should be heard by the court, to which ruling plaintiff's, by their attorney in open court, then and there excepted." The demand for the jury and payment of the fee at the proper time is also shown by a bill of exceptions, and the action of the court in denying a trial of the facts by a jury is properly presented to this court.

There was a sharp conflict of evidence as to the place of residence of George Gray at the time the suit was instituted, some of the witnesses testifying that it was in Colorado County and others that it was in Wharton County. If Gray was a resident of Wharton County when the suit was instituted, the plea of privilege could not prevail, but if he lived in Colorado County and Low in Iowa there was no jurisdiction of the person of Gray and the suit should have been dismissed as to him. The matter was purely a question of fact and appellants were deprived of their constitutional right of trial by jury by the action of the court. (Howeth v. Clark, 4 Texas App. C., sec. 315, p. 550.) No case can be found in which an Appellate Court has held that a court can refuse a trial by jury on a controverted plea of privilege, but it has often been recognized as right and proper to try the question by jury. (2 Posey's U. C., 374; Robertson v. Ephraim, 18 Texas, 118; Taylor v. Hall, 20 Texas, 211.) The very existence of a plaintiff's cause of action may depend on the truth of falsity of a plea of privilege, and if he has the right, guaranteed by the Constitution, of a trial by jury on the merits of the case there can be no reason why the right of trial by jury on the questions of fact on such a plea is not fully as sacred. The court erred in refusing a trial by jury to appellants on the questions of fact presented by the plea of privilege.

There is no merit in the second assignment of error. Low had the right to represent Gray in filing the question of privilege. The former verified the plea by his affidavit and it was properly before the court. He had been authorized by Gray to represent him in the defense of the cause.

As hereinbefore stated, if Gray resided in Wharton County and Low resided in Iowa, when the suit was instituted, the action was properly brought in that county, as against both parties. If Low and Gray resided in Colorado County, when the suit was brought, it could not be sustained as to either of them, and if Low resided in Iowa as alleged by appellants, and admitted by him, and Gray resided in Colorado County, Texas. the court has jurisdiction as to Low, but not as to Gray, because there is no provision of law that will authorize suit against a resident of Texas by joining him with a nonresident, in any other than the county of residence. The only case in which he can be sued out of his county by reason of joinder is where he is jointly sued with some other person, in the county of the latter's residence. (Art. 1194, subd. 4, Rev. Sats.) If Low was a resident of Iowa, he was properly sued in the county of the residence of appellants. (Subd. 3, art. 1194, Rev. Stats.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*