# DECEMBER, 1920

Houston & Texas Central Railroad Company v. Diamond Press Brick Company.

No. 3050.   Decided June 20, December 1, 1920.

(226 S. W., 140.)

By Commission of Appeals.

1.—Railway—Spur Track to Private Business—Indemnity—Contract—Negligence.

A manufacturing company contracting with a railway concerning the construction of a spur track to its establishment agreed to save the railway

"harmless from any and all claims for damages arising from any cause whatsoever growing out of the construction, maintenance, and operation of said spur track," and to reimburse it for any and all amounts it might be compelled to pay for such damages. A judgment against the railway for personal injuries caused by its neglect to maintain in proper condition a crossing of a highway by such spur track was within the terms of such contract, and it could maintain action thereon for reimbursement of the amount it was so compelled to pay. (Pp. 22, 23).

2.—Same—Expense of Maintenance.

An agreement that the railway company should maintain a spur track to the premises of a manufacturing company, the latter to reimburse it for expense of keeping it in good condition, did not affect the liability of the latter on its contract to indemnify the railway from any damage caused to others by its construction and maintenance. (P. 23).

3.—Same—Contract Against Negligence.

An agreement by a manufacturing company to indemnify a railway building a spur track to its establishment for any damages incurred by the latter through construction and maintenance of the same was not void as against public policy because relieving the railway from liability for its own negligence. (P. 23).

4.—Corporation—Contract—Ultra Vires.

A contract by a manufacturing company securing the construction by a railway of a spur track to the factory under an undertaking to guarantee the railway against damages arising from its construction and maintenance was not *ultra vires*, being the exercise of an incidental power of the corporation appropriate to the execution of its charter powers. (Pp. 23, 24).

BY SUPREME COURT, ON MOTION FOR REHEARING.

5.—Practice on Appeal.

On reversing a judgment for defendant pronounced on the erroneous sustaining of a demurrer to plaintiff's petition, the appellate court cannot render judgement for plaintiff, but must remand for retrial. (P. 24-.

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Ellis County.

Suit was brought by the Houston & T. C. R. Co. against the Diamond Press Brick Co. Judgment went for defendant on the sustaining of its demurrer to plaintiff's petition, the latter declining to amend, and appealing. The Court of Civil Appeals affirmed the judgment (188 S. W., 32) and appellant thereupon obtained writ of error. . The case being referred to Section A of the Commission of appeals, the judgment recommended by them (222 S. W., 204) was first adopted; but on motion for rehearing was modified by the Supreme Court. Both this opinion and that of the Commission of Appeals are here published.

*John H. Sharp* and *John T. Garrison,* for plaintiff in error.

The powers conferred upon the defendant corporation was for the purpose of manufacturing and selling brick, and any contract entered

into by and between the plaintiff and defendant which would enable the defendant company to market its brick at less expense, and to carry on its business successfully financially, would be within the corporate powers conferred upon it by its charter, and a contract which would afford the defendant facilities for transporting its brick from its plant to the main line of the plaintiff railroad company would not be *ultra vires,* but would be a contract which the defendant company, under its corporate powers, would have authority to make.    Thompson on Corporations, Vol. 3, Sec. 2771; Thomas v. West Jersey R'y Co., 101 U. S., 71; Davis v. Old Colony R. Co., 131 Mass., 258.

The contract made by plaintiff in error with defendant in error was not made in its capacity as a common carrier, and does not involve the relations of a common carrier, and does not limit plaintiff in error's liability as a common carrier, nor conflict with the provisions of the Revised Statutes.    M. K. & T. R'y Co. of Texas v. Carter, 95 Texas, 461; Carolina C. & O. R'y Co. v. Unaka S. L. Co., 170 S. W., 591; Talley v. G. C. & S. F. R'y Co., 176 S. W., 65; Railroad Co. v. Keefer, 38 L. R. A., 93; Railroad Co. v. Saulsbury, 90 S. W., 624; Hartford Fire Ins. Co. v. Chicago M. & St. P. R'y Co., 175 U. S., 91; Griswold v. I. C. R'y Co., 57 N. W., 843; Stevens v. Southern Pacific, 41 Pac., 783; Mansfield Mutual Ins. Co. v. C. C. & S. L. R'y Co., 77 N. E., 269; Greenwich Ins. Co. v. L. & N. R'y Co., 56 L. R. A., 477; Checkley v. I. C. R. Co., 44 L. R. A. (N. S.), 1127; Mann v. Pere Marquette R'y Co., 97 N. W., 721.


*C. E. Greer,* for defendant in error.

Evidently Appellant prescribed the form of the contract herein in issue.    Where doubt exists as to the construction of an instrument prepared by one party upon the faith of which the other party incurs obligations, that construction should be adopted which will be favorable to the latter party; and where an instrument is susceptable to two constructions, one working injustice and the other consistent with right, the construction which promotes right and prevents injustice is favored.    Faulk v. Dashiell, 62 Texas, 646; Godard v. East Texas Ins. Co., 67 Texas, 73-75; New Orleans Ins. Co. v. Gordon, 68 Texas, 144-8; Brown v. Palatine Ins. Co., 89 Texas, 590; Arbuckle v. Kirkpatrick, 39 S. W., 10, 98 Tenn. 221; Beach on Contracts, Sec. 726.

The rule of construction is, that a special provision in a Statute or contract will control a general provision which would otherwise include that mentioned in the particular provision.    Bateman v. Maddox, 86 Texas, 546; Warren v. Shuman, 5 Texas, 441; Erwin v. Blanks, 60 Texas, 583; Lufkin v. City of Galveston, 63 Texas, 437; Smith v. Grayson Co., 44 S. W., 921, 18 Texas Civ. App., 153.

Appellee having agreed by the 4th paragraph of the Contract in issue (Tr. 17) to bear the expense of keeping the spur track put in for its benefit in first class condition, and to promptly reimburse Appellant for all sums expended for that purpose, this special provision measures the rights of the parties growing out of matters to which it applies, and Appellant could not fail to perform the obligation imposed on it by this paragraph of the contract and then claim from Appellee reimbursement of money paid on a Judgment recovered by a third party for injuries resulting from failure to keep such spur track, and especially a public crossing over it, in safe condition.

The damages recovered by Henry Hamilton from Appellant for which it seeks reimbursement from Appellee did not grow out of the construction, maintenance or operation of the spur track to which the contract herein in issue applies, but grew directly out of Appellants failure to maintain such spur track, at a public crossing over the same, in good first class condition as under said contract it was under obligation to do, and the cause of action attempted to be asserted is not within the general reimbursement clause of the contract alleged.

If the contract herein in issue, properly construed, assumes to bind Appellee to reimburse appellant for sums paid a third person in settlement of a Judgment in his favor for personal injuries to him resulting from Appellants failure to keep in proper repair a public crossing over the spur track to which it applies, then the contract in that particular is not within the corporate powers of Appellee, and is, as to both parties, contrary to public policy, and void.  Morgan & Bros. v. M. K. & T. Ry. Co. of Texas, 110 S. W., 978; Northside Ry. Co. v. Worthington, 88 Texas, 562; Deaton Grocery Co. v. Internat'l Harvester Co., 105 S. W., 556; R. S. 6494, 1164-1167.

MR. SPENCER, JUDGE, delivered the opinion of the the commission of appeals, Section A.

The Houston & Texas Central Railroad Company, plaintiff, sued the Diamond Press Brick Company, defendant, a corporation, to recover the amount of a judgment one Henry Hamilton had recovered against it.  Hamilton's action was based upon plaintiff's negligence in permitting a crossing on a spur track running to defendant's brick plant to become unsafe, alleging that in attempting to drive over it in its dangerous condition his team became frightened and ran away, resulting in personal injuries.

The Railroad Company based its action for recovery upon a contract entered into with the Brick Company under the terms of which the Railroad Company had built and was maintaining a spur track to the plant of the Brick Company for the convenience of the latter.

The material provisions of the contract necessary to a decision of the case are:

"Fourth. It is agreed and understood that the said party of the second part shall bear the expense of keeping the said spur track in good condition, and that it will, upon receipt of bills therefor, promptly reimburse the party of the first part for any and all expense incurred by it for material and labor furnished in making such repairs as may be necessary to keep the said spur track in first-class condition." and

"Seventh. The party of the second part further agrees and obligates itself to save the party of the first part harmless from any and all claims for damages arising from any cause whatsoever growing out of the construction, maintenance and operation of said spur track, including damages for injury to or killing of stock belonging to the party of the second part, its employes or tenants, whether such claim is made by any person, firm, corporation or municipality.

"The party of the second part further agrees and binds itself to reimburse the said party of the first part for any and all amounts it may be compelled to pay in settlement of any claim for which, under the terms of this agreement, the party of the second part would be liable."

The defendant contended (1) that it was not within the contemplation of the parties that the Brick Company was to be responsible for the negligence of the Railroad Company in this character of case; (2) that if the contract be construed as requiring reimbursement to the railway company, it would be against public policy and therefore void; and (3) that the same is an *ultra vires* act on its part and hence unenforceable.

The court, upon motion of defendant, sustained exceptions to plaintiff's petition; and plaintiff refusing to amend, judgment was rendered in favor of defendant. Upon appeal, the Court of Civil Appeals affirmed the judgment. 188 S. W., 32.

The writ was granted upon application referred to the Committee of Judges.

The proximate cause of the damages suffered by plaintiff, as shown by the pleadings, and for which it seeks indemnity under the contract, was due to its negligence in failing to maintain the crossing in first-class condition; but plaintiff insists that, though it was negligent in this respect, nevertheless it is entitled to indemnity under the provisions of Article 7 of the contract.

In our opinion Section 7 of the contract is a positive agreement to indemnify the Railroad Company against such a claim as the one here involved. Under this section the obligation was to save the Railroad Company "harmless from any and all claims for damages" arising, not only out of the construction and operation of the spur

track, but out of its maintenance as well. This section would be inoperative and rendered meaningless if construed to exclude negligence, as a claim for damages against the Railroad Company growing out of any of these things could have no standing in a court unless predicated upon the negligence of the Railroad Company, or its servants. The section must, we think, be construed as contemplating claims for damages founded upon such negligence.

The absolute agreement embodied in the Seventh Section is not to be nullified because of the Fourth Section. The agreement in the latter section that the Railroad Company *shall bear the expense* of keeping the spur track in good condition is not inconsistent with the agreement of the Brick Company in the Seventh Section to hold the Railroad Company harmless against any claim for damages growing out of the maintenance of the track if it were not kept in good condition. The contract, as a whole, simply means that the expense of keeping the spur track in good condition was to be borne by the Railroad Company, but the Brick Company was to hold the Railroad Company harmless against claims for damages founded upon any negligent condition in the construction, operation, or maintenance of the track.

The contention that Section 7 is contrary to public policy is based upon the theory that if a railroad company be reimbursed for its negligent act in the maintenance of the crossing it will have a tendency to cause the Railroad Company to omit the performance of the duties imposed by Art. 6494 Revised Civil Statutes which requires railroad companies to keep that portion of its road-bed and right of way over or across which any public roadway runs, in proper condition for the use of the traveling public. The contract does not undertake to relieve the Railroad Company from the duties imposed by the article, nor free it from liability for damages occasioned to others as the result of its failure to perform those duties. We can not assume that because the agreement has been made, the Railroad Company will violate the statute. We conclude that the contract is not violative of the public policy of the state, but is one which the parties were at liberty to make. Missouri K. & T. Ry. Co. v. Carter, 95 Texas, 461, 68 S. W., 159.

The defense by the Brick Company that the contract is an ultra vires act on its part is likewise unavailing. A corporation is empowered to enter into contract to enable it to carry on the business and accomplish the purpose of its existence, unless prohibited by law or the provision of its charter. The language of the agreement, now under consideration, leaves no room to doubt that the contract was made in order to accomplish the purpose for which the corporation was created. The spur track was constructed solely for the promotion of the private interests of the Brick Company, and out of its con-

struction, operation, and maintenance grew increased risks which it was not otherwise required to assume. The benefits, secured to the one, and the increased risk to the other, is the basis for the provision justifying its inclusion in the agreement. The making of it was, under the circumstances, an incidental power of the corporation, appropriate to the execution of the specific power granted by the charter, and hence not an *ultra vires* act.

We recommend that the judgments of the Court of Civil Appeals and the District Court be reversed and judgment rendered for plaintiff for the sum of $1,430.00, the amount paid Hamilton by the Railroad Company, with interest thereon from the 15th day of February, A. D. 1914.

ON REHEARING.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

Since in the trial court the case was disposed of on the demurrer of defendant to the plaintiff's petition, in our holding that the demurrer was improperly sustained and reversing for that reason the judgments of the District Court and Court of Civil Appeals, it was incorrect to render judgment for the plaintiff, as was done in the original disposition of the case.

In respect to the form of the judgment, the motion for rehearing is granted. The judgment reversing the judgments of the District Court and Court of Civil Appeals will stand, but, instead of judgment being rendered here for the Railroad Company, the cause will be remanded to the District Court for proceedings in accordance with the opinion of the Commission of Appeals on the original hearing which in its holding on the questions there discussed is approved.

Opinion delivered December 1, 1920.

*Reversed and remanded.*