## UNITED STATES GAS & OIL CO. v. DUFFY et al. (No. 9010.)

Court of Civil Appeals of Texas. Galveston.
May 9, 1928.

**1. Venue** ⚌⚌22(1)—**That some defendants are nonresidents of state gives no right to sue resident defendant outside county of residence** (Rev. St. 1925, art. 1995, § 3).

Mere fact that one or more of defendants is a nonresident of state, and therefore suable in any county in the state, under Rev. St. 1925, art. 1995, § 3, does not give plaintiff right to sue resident defendant outside the county of residence.

**2. Venue** ⚌⚌22(1)—**Joinder of nonresidents and fact of execution of sales contract in county held not to sustain venue outside county of residence of foreign corporation, defendant in suit on brokerage contract** (Rev. St. 1925, art. 1995, §§ 3, 23).

Plaintiff *held* not entitled to maintain suit on brokerage contract outside county of defendant foreign corporation's residence, under Rev. St. 1925, art. 1995, §§ 3, 23, though nonresident defendants were joined, and contract of sale was entered into in county where suit was brought, where plaintiff failed to show terms of brokerage contract sued on, or connection of other defendants with it, since it was not shown that cause of action arose in county of suit, as required by section 23, relative to suits against corporations.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by P. J. Duffy against the United States Gas & Oil Company and others. From a judgment denying the named defendant's plea of privilege, said defendant appeals. Reversed and remanded, with instructions.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and Yale Hicks, of Laredo, for appellant.

K. C. Barkley and Andrews, Streetman, Logue & Mobley, all of Houston, for appellees.

GRAVES, J. This concededly correct statement, to which has been added an interlineation to the effect that the contract between appellant and others and the Houston Oil Company and others was received in evidence and showed that it had been executed in Harris county, Texas, is taken from appellant's brief:

"This is an appeal from an order or judgment of the district court, Eightieth judicial district of Harris county, Texas, overruling and denying the plea of privilege filed by the United States Gas & Oil Company to be sued in Webb county, Texas, in the case of P. J. Duffy, Plaintiff, v. Carolina-Texas Oil & Gas Company et al., cause No. 122,858 on the docket of said district court, wherein the plaintiff, P. J. Duffy, sues appellant, both as a corporation and as a partnership, and Lloyd Booth and George T. Fillius, individually and as members of said partnership, and also sues the Carolina-Texas Oil & Gas Trust as a partnership and E. T. Burton, Lloyd Booth, J. H. Hinton, H. F. Wilder, J. O. Hinton, C. D. Weeks, L. H. Skinner, R. G. Grady, and Thomas Wright, individually and as members of said Carolina-Texas Oil & Gas Trust, and as trustees of the properties thereof, to recover a broker's commission of 10 per cent. on the alleged sale of certain oil and gas properties and gas and oil from said properties, alleged to belong to said defendants, located in Webb county, Texas.

"Plaintiff alleged that said parties agreed to give him 10 per cent. of the proceeds of the sale of said properties and of the gas and oil therefrom, and further alleged that said properties, and gas and oil therefrom, had been sold to the Houston Oil Company of Texas and the Houston Pipe Line Company, having their domicile in Harris county, Texas, under the terms of a written contract, a copy of which was attached to plaintiff's petition, introduced in evidence, and showed upon its face that it was executed in Harris county, Texas.

"Plaintiff alleged the said commissions to amount to at least the sum of $10,000, for which he prayed judgment, and also asked judgment for such additional amount of commission as the evidence might show him entitled to.

"Plaintiff further alleged that the properties and the oil and gas therefrom were sold by him to the Houston Oil Company of Texas for the said defendants, and claimed an interest of 10 per cent. on any and all amounts payable by the Houston Oil Company of Texas to other defendants than the Houston Pipe Line Company, and made the Houston Oil Company of Texas and the Houston Pipe Line Company, which he alleged to be a subsidiary of the Houston Oil Company of Texas, parties defendant, and prayed that they be directed to pay him his portion of the proceeds or returns from said oil properties.

"Appellant, the United States Gas & Oil Company, filed a plea of privilege, seasonably alleging in substance that it was a Delaware corporation and has a permit to do business in the state of Texas, and at all of the times referred to in plaintiff's petition, and at the time of the filing of the suit, and of the service of citation and of the filing of its plea of privilege, it had its office and domicile in Webb county, Texas, and that none of the exceptions to exclusive venue existed, and claimed its right to be sued in the district court of Webb county, Texas.

"It further alleged that the other defendants had been improperly joined in this cause for

the purpose of seeking to hold appellant in the district court of Harris county, Texas.

"The defendants Carolina-Texas Oil & Gas Company and the Carolina-Texas Oil & Gas Trust, and H. F. Wilder and R. G. Grady—filed a plea of misjoinder of parties and of actions, alleging that the rights of action of the plaintiff, if any, against them, or either of them, and against United States Gas & Oil Company, their codefendant, were separate and distinct causes of action, based on separate and distinct contracts, if any, of employment, and were improperly joined therein. The other defendants, other than the Houston Oil Company of Texas and Houston Pipe Line Company, being nonresidents, filed no plea or answer, and did not otherwise appear.

"The defendants Houston Oil Company of Texas and Houston Pipe Line Company filed a plea to the jurisdiction of the court, on the ground that the petition showed that the cause of action, if any, was one for an interest in land, and could properly be brought only in Duval county, Texas, where the land was located.

"Plaintiff filed his plea controverting the plea of privilege of the United States Gas & Oil Company, alleging in substance that the defendants other than appellant and the Houston Oil Company of Texas and the Houston Pipe Line Company are nonresidents of the state of Texas, and that the two last-named companies had their domicile in Harris county, Texas, and that said two last-named companies had entered into an agreement with the United States Gas & Oil Company, a copy of which was attached to the petition, and that by reason thereof the plaintiff was entitled to sue each and all of the defendants in Harris county, Texas.

"The plaintiff filed a further plea controverting the pleas of the defendants other than the appellant United States Gas & Oil Company and the nonresident defendants, wherein he denied that this suit is an action for an interest in land.

"The trial court overruled the plea of privilege of appellant, and the pleas to the jurisdiction of the court filed by the other defendants, and held that the case was properly triable in the district court of Harris county, in which it was then pending, to which action of the court, appellant in open court excepted, and gave notice of appeal to this court, and in due time filed its appeal bond and its assignment of errors, bringing this cause to this court on the question of overruling of its plea of privilege."

Appellant relies for reversal upon these five points:

"First Point.—The burden rested upon plaintiff, not only to allege, but also to prove, that the codefendants of appellant were necessary or proper parties defendant in this cause, and, since there was no evidence showing said fact, plea of privilege of appellant should have been sustained.

"Second Point.—In order for the plaintiff to sue appellant in Harris county, Texas, it was necessary for him to allege and prove by prima facie evidence that he had a cause of action against appellant, and that at least one of the other defendants, other than the nonresident defendants, was a necessary or proper party to the suit, and, since the Houston Oil Company of Texas and the Houston Pipe Line Company were the only defendants resident in Texas, it was necessary for the plaintiff to show that at least one of said companies was a necessary and proper party defendant, and this could have been done only by showing that the plaintiff was entitled to an interest in the fund or balance alleged to be payable by one or both of the companies having their domicile in Harris county.

"Third Point.—Plaintiff's cause of action, if any, was on a contract or contracts for a brokerage between himself and appellant and the Carolina-Texas Oil & Gas Company, and was not based on the contract of sale between the last two named defendants and the Houston Oil Company of Texas and the Houston Pipe Line Company, a copy of which was attached to plaintiff's pleading, and it was necessary for the plaintiff to prove the terms of his alleged brokerage contract, and that it was made jointly with appellant and the Carolina-Texas Oil & Gas Company, and that it was for an interest or share of the amounts payable under the sales contract.

"Fourth Point.—Appellant and the Carolina-Texas Oil & Gas Company and the other defendants were separate and distinct companies and parties, and, in the absence of proof, it would not be assumed that the contract, if any, for commissions between appellant and plaintiff, was a joint contract made in connection with others of the defendants; but the existence of such a joint partnership contract must have been proved by the plaintiff, and, in the absence of such proof, there is no evidence to show why any of the other defendants were necessary or proper parties defendant with appellant in a suit by the plaintiff against appellant for a brokerage alleged to be due plaintiff under an alleged brokerage contract with appellant.

"Fifth Point.—The fact that all of the parties defendant, other than appellant and the Houston Oil Company of Texas and the Houston Pipe Line Company, are nonresidents of the state of Texas, and suable in any county in Texas, did not serve to draw the venue to Harris county, or deprive appellant, which has a domicile in Webb county, Texas, of its right to be sued in the county of its domicile."

The appellee counters with the contention that the venue was properly laid in Harris county: (1) Under R. S. 1925 art. 1995, §§ 3, 23, the undisputed evidence showing, not only that all but one of the defendants resided outside the state of Texas, but that the contract sued upon with the Houston Oil Company was executed by the defendants (including appellant) in Harris county. (2) With this:

"The plaintiff in said cause having alleged a cause of action against said United States Gas & Oil Company, and having further alleged that by reason of said contract plaintiff had become entitled to an interest in the proceeds of the contract between appellant and the Houston Oil Company, it was only necessary to introduce in evidence said contract between Houston Oil Company and appellant, in order to show that said Houston Oil Company was a proper party defendant to said cause.

"This having been done, it was not necessary for plaintiff to make proof of his primary cause of action alleged against the defendant United States Gas & Oil Company and said other de-

fendants in said cause. The plea of privilege did not put such cause of action in issue, but only put in issue the question as to the proper joinder of Houston Oil Company and Houston Pipe Line Company, residents of Houston, Tex., with the appellant, and, proof having been made of the propriety of such joinder, the plea of privilege was properly overruled."

The cause is a companion one to that of Duffy v. Cole Petroleum Company, No. 9013, decided by this court on original hearing through opinion filed July 14, 1927, the facts as to the pleadings and proof presented by both parties concededly being in effect the same, with an exception in only one respect that is deemed immaterial; that is, it was in this instance alleged and shown by the appellee Duffy that all the defendants except appellant, which is a corporation and was undisputedly shown to have resided throughout the period involved in Webb county, Texas, were nonresidents of this state, and that the contract between appellant and the Houston Oil Company and others, of November 13, 1925, made a part of all his pleadings—inclusive of the one controverting appellant's plea of privilege—had been executed by both parties thereto in Harris county, Texas.

Upon this state of the two records, the trial court sustained the plea of privilege of the Cole Petroleum Company in No. 9013, but overruled that of appellant in this one; in the opinion referred to this court affirmed that action in the Cole Case, holding that appellant there (who is appellee here) had neither sufficient pleading nor proof upon which to hale his opponents out of the county of their residence and into his suit against them in Harris county. The Supreme Court, through the Commission of Appeals, in answering questions certified to it on rehearing, approved that holding. 5 S.W.(2d) 495.

Since the grounds on which the venue was sought to be sustained were identical in both cases, except as to appellee's added claim under sections 3 and 23 of article 1995 in the present one, it is deemed unnecessary to now do other than dispose of it.

[1, 2] We agree with appellant that it furnished no sufficient addition; our courts seem to have expressly decided that the mere fact that one or more of the defendants is a nonresident of Texas and suable in any county in the state will not give the plaintiff the right to sue the resident defendant outside the county of the latter's residence, wherefore the fact that these defendants—other than appellant and the two Houston companies—were nonresidents of the state of Texas was not enough to draw the venue to Harris county. Sublet v. Hurst (Tex. Civ. App.) 164 S. W. 448, and authorities there cited.

The claim under section 23 seems equally ineffective. It is true appellant is a corporation, and that the contract between it and the Houston Oil Company and others was shown to have been executed in Harris county; but that is not the contract upon which Duffy sued the appellant in this cause, nor was he either a party to or shown to have any interest therein; so far as he was concerned, therefore, it was res inter alios acta, and merely attaching it to his pleadings and proving its existence got him nowhere. What he sued appellant upon was an entirely separate and distinct contract of brokerage between them, whereby he alleged he was to get a 10 per cent. commission for selling its oil and gas rights in its Webb county lands for it, and he made no proof whatever—either by offering it in evidence or otherwise—that he had any such contract; hence, of course, none as to its terms, nor of any connection therewith of any of the other defendants.

As was held in the Cole Case, supra, this was necessary on this hearing, at least prima facie, and its absence was fatal to the venue of the suit.

Further discussion is deemed unnecessary; the judgment has been reversed, and the cause remanded, with instructions to the trial court to transfer it to the district court of Webb county.

Reversed and remanded, with instructions.