## WOOLRIDGE et al. v. OWENS.

### No. 12659.

Court of Civil Appeals of Texas. Fort Worth.
Sept. 26, 1931.

Rehearing Denied Oct. 24, 1931.

Charles Kassel and Melvin F. Adler, both of Fort Worth, for appellants.

Richard Owens, of Fort Worth, for appellee.

BUCK, J.

This is an appeal from an order overruling the plea of privilege of R. E. Woolridge, in-

dividually, and as managing partner of J. C. Woolridge Lumber Company, in a suit filed by B. W. Owens against L. J. Greenwood and wife on a vendor's lien note and against Mrs. Pearl D. Boykin and R. E. Woolridge, individually, and as managing partner of J. C. Woolridge Lumber Company.

The transcript does not set out the plea of privilege nor the controverting affidavit, but merely says that the plaintiff brought suit in Tarrant county on certain past-due notes payable in Tarrant county executed by L. J. Greenwood and wife, secured by a vendor's lien on 45 acres of land in Hall county. The petition alleges that the Woolridge Lumber Company, hereinafter referred to as lumber company, was the holder of a mechanic's lien inferior to plaintiff's. It was further alleged that certain buildings which had become fixtures on said land had been removed therefrom, without plaintiff's knowledge or permission, and placed upon adjoining land owned by Mrs. Boykin. In the transcript it is merely alleged that the lumber company filed plea of privilege in statutory form asking for a transfer of the cause to Cooke county, where the partnership had its principal office. In due time the plaintiff filed a controverting affidavit, which repeats the allegations of the petition, sets out that venue is sustained against defendants Greenwood and wife, in Tarrant county, since the notes sued upon are payable in that county, and states that venue in that county is maintainable also against the lumber company on the ground that it is a necessary party to the suit.

Prior to the hearing, the lumber company filed a pleading whereby, without waiving its plea of privilege, it disclaimed all interest in the land in controversy, but stipulated that the disclaimer covered only the ground as distinguished from the buildings and that it waived no right as to the buildings which had been removed to other property. The hearing was held on a written statement of facts, agreed to for the purpose of such hearing only, wherein plaintiff admitted all allegations of fact in the plea of privilege but disputed the legal conclusion that "no exception to exclusive venue in the county of one's residence" existed; and the lumber company admitted all allegations of fact of the petition and controverter, but disputed the conclusions (1) that it was a necessary party to the suit and (2) that its lien on the buildings hereinbefore referred to was inferior to plaintiff's lien. As to such lien, the agreed statement sets forth that subsequent to the execution of the vendor's lien notes sued upon, Greenwood and wife had executed mechanic's lien notes in favor of the lumber company, representing part of the purchase price of material out of which said buildings were constructed, and retained an express materialman's and mechanic's lien

securing the same; that the lumber company still held such notes and lien, by virtue of which it claimed a superior lien on the buildings; that on account of the disclaimer filed after the suit had been instituted, it no longer claimed any lien on the land.

The trial court found that the land in question became the homestead of the defendant Greenwood and wife on its purchase from the plaintiff. Plaintiff objected in the trial court to the filing of the disclaimer by the defendant lumber company as having any bearing on the plea of privilege of defendant lumber company, inasmuch as it was filed after the filing of plaintiff's suit. At the conclusion of the hearing, the court rendered judgment overruling the plea of privilege, and the defendant lumber company and R. E. Woolridge have appealed.

### Opinion.

Plaintiff below contends that the vendor's lien was a preference lien against the land and the improvements. The defendant Woolridge and the lumber company claim that their lien against the buildings was superior to the vendor's lien asserted by plaintiff, and that they had the right to satisfy their lien before the plaintiff had any right to subject the buildings to the payment of his debt.

Articles 5452, 5459, and 5460, Rev. Civ. Statutes of 1925, seem to hold that one having a mechanic's lien or builder's lien on a house has the right to subject the building on the land to the payment of his debt. It is not shown how much lumber and material was used in the erection of the house, nor how much is now owing on the debt.

The question is presented as to whether the mechanic's and building lien is superior to the vendor's lien as to the house and building.

Section 29a of article 1995, Rev. Civ. Statutes of 1925, passed by the 40th Legislature (1927), First Called Session, p. 197, c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, § 29a), reads as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Appellants contend that they are not necessary parties as opposed to proper parties in this suit, and that if appellee has any right to make his debt out of any excess of the amount for which the house may be sold, this is a separate suit, and that the appellants are not a necessary party to that suit. We think the following cases sustain appellants' contention: State Trust Co. v. Morrison, 282 S. W. 214, by the Commission of Appeals, approved by the Supreme Court;

Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790; Oakland Motor Car Co. v. Jones, 29 S.W.(2d) 861, by the Eastland Court of Civil Appeals; Adkins v. Essler (Tex. Civ. App.) 38 S.W.(2d) 411; Sproles v. Schepps (Tex. Civ. App.) 26 S.W.(2d) 922; Duvall v. Boyer, 35 S.W.(2d) 181, 185, by the Dallas Court of Civil Appeals; Brown v. Webb, 1 S.W. (2d) 1102, by the El Paso Court of Civil Appeals; Land Mortgage Bank v. Quanah Hotel Co., 89 Tex. 332, 34 S. W. 730, by the Supreme Court; Dallas Plumbing Co. v. Harrington (Tex. Civ. App.) 275 S. W. 190; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; Wm. Cameron & Co., Inc. v. Trueheart (Tex. Civ. App.) 165 S. W. 58, writ refused; Mogul Co. v. Southern Co., 244 S. W. 212, by the Beaumont Court of Civil Appeals, and People's B. & L. Ass'n v. Clark (Tex. Civ. App.) 33 S. W. 881.

We further think that the burden of allegation and proof was. on the plaintiff to show that he had an interest in the house. See Coalson v. Holmes, 111 Tex..502, 240 S. W. 896, by the Supreme Court; Ray v. W. W. Kimball Co., 207 S. W. 351, by this court; Hutchison v. Hamilton & Son, 223 S. W. 864, by this court; Reece v. Langley, 230 S. W. 509, by this court; Latshaw v. McLean, 238 S. W. 1003, by this court.

Upon the authorities cited, we conclude that the trial court erred in overruling the plea of privilege of R. E. Woolridge and the Woolridge Lumber Company. For which reason we reverse the trial court and sustain the plea of privilege filed by the appellants.