**ELLWOOD et al. v. POLLARD et al.**

No. 3816.

Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1932.

Wilson, Randal & Kilpatrick, of Lubbock, for appellants.

Vickers & Campbell, of Lubbock, for appellees.

HALL, C. J.

W. L. and E. P. Ellwood sued G. C. Jenkins, J. S. Pollard, and the Anton State Bank in the district court of Lubbock county, in the form of trespass to try title to recover the W. ½ of section 3, block 1, Thomson survey in Lamb county, Tex.

Plaintiffs further alleged that they sold the property to Jenkins, and as part of the purchase price he assumed the payment of a balance of $2,699.50 due the Federal Land Bank of Houston, and executed fourteen notes for $341 each, and one note for $13,028.-50, all payable to plaintiffs at Lubbock, Tex., on or before January 1, 1932, to January 1, 1946, respectively, with interest and attorney's fees.

That in addition to the vendor's lien, Jenkins executed a trust deed covering the property as additional security for the notes. That the notes and trust deed provided that upon default in the payment of any taxes or prior indebtedness, plaintiffs, at their option, could declare all notes due. That the trust deed expressly provided that in the event of a breach of any of the agreements, plaintiffs would have the right to take immediate possession of the premises, to collect the rents, and apply the same to the payment of taxes and other liens upon the land and to their own notes.

That they exercised their option, declaring the maturity of their notes, and further alleged the foreclosure under their deed of trust by selling on the first Tuesday in August, 1931. They sued for the deficiency, after crediting their own notes with the proceeds of the sale, and alleged that J. S. Pollard was in possession of the premises and the crops growing thereon, that as lessee he had agreed to pay Jenkins the usual one-fourth on cotton and one-third of the feed grown on the premises, and that the plaintiffs were either the owners of such rents or had a prior lien thereon; that the Anton State Bank was claiming a prior right, title, or lien in or against said rents.

The defendants Pollard and the Anton State Bank duly filed their pleas of privilege, which were controverted by the plaintiffs, and on November 19, 1931, the judge of the district court, upon hearing, sustained the pleas and ordered the venue changed. The appeal is from this order.

The pleas of privilege filed by Pollard and by the bank, together with the supplemental pleas in reply to plaintiffs' controverting affidavits, are sufficient to challenge the right of the plaintiffs to maintain this action in Lubbock county, either under R. S. art. 1995, subdivisions 4, 5, or 14.

Subdivision 4 relates to the right of plaintiff to maintain an action where two or more defendants reside in different counties. Subdivision 5 authorizes suit upon a written obligation to perform in a particular county. Subdivision 14, which we think applies more specifically to this action, provides that suits for the recovery of lands must be brought in the county in which the land or a part thereof may lie. This subdivision does not present a jurisdictional question but relates only to the question of venue, which may be waived. In this case the defendants are insisting upon their right to have the action transferred to Lamb county, where the land is situated and in which Pollard, who has possession of the rents, resides. In our opinion the court correctly sustained the pleas of privilege and ordered the transfer to the district court of Lamb county. Korioth v. McGraw (Tex. Civ. App.) 37 S.W.(2d) 347; Carstairs v. Bomar, 119 Tex. 364, 29 S.W.(2d) 334.

The plaintiffs in this case, proceeding under the power of sale contained in their deed of trust, did not sell and purchase the land in controversy until August 4, 1931, and according to the rule announced in Zeigler v. Sawyer (Tex. Civ. App.) 16 S.W.(2d) 894, plaintiffs had no right to ungathered crops until they had acquired the title through the trustee's sale. Plaintiffs had conveyed the land to Jenkins in 1930 and at that time took a trust deed to secure the purchase money. Neither the deed to Jenkins nor the trust deed had ever been recorded, and it is questionable whether they had any lien on the crops under R. S. art. 5490, as against the bank which, so far as this record shows, acquired a lien upon the rents without notice of plaintiffs' rights. Neither Pollard nor the bank are parties to the contract between plaintiffs and Jenkins, and if either the bank or Pollard is to be subjected to a judgment in plaintiffs' favor, it must be upon the ground of conversion. It is held that one who converts mortgaged personalty is not a necessary party to a suit against the mortgagor. Wool Growers Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; People's State Bank of Ranger v. National Bank of Commerce (Tex. Civ. App.) 267 S. W. 992; Johnson v. First National Bank of Brenham (Tex. Civ. App.) 42 S.W.(2d) 870.

Plaintiffs seek to maintain this action in Lubbock county under subdivision 29a of R. S. art. 1995, which provides that whenever there are two or more defendants in any suit

brought in any county and such suit is lawfully maintainable therein under the provisions of said article as to any of such defendants, then such suits may be maintained in such county against any and all necessary parties thereto.

Even if it be admitted that Pollard and the bank have wrongfully converted the property (an issue which we do not decide), they are not necessary parties within the meaning of subdivision 29a. While it is true that Pollard is in possession of the personal property involved in this controversy, the record shows that he is merely a stakeholder and is ready to deliver the proceeds realized from the sale of the crops to the party legally entitled thereto.

It is contended by appellants: (1) That the court erred in sustaining the pleas of privilege because both of said defendants are necessary parties to the suit, which is based upon notes payable in Lubbock county, thus fixing the venue in Lubbock county under R. S. art. 1995, subdivision 29a; (2) that the court erred because this is a suit against Jenkins on notes made payable by him in Lubbock county, which notes are secured by chattel mortgage upon personal property, and the uncontroverted evidence and Pollard's own admission shows that he is in possession of the personal property on which the foreclosure is sought; (3) that the court erred in sustaining the bank's plea of privilege, because the uncontroverted evidence shows that the bank is claiming a lien prior to the plaintiffs' lien upon the property and that plaintiffs' debt is payable in Lubbock county; (4) that the court erred because the uncontroverted evidence shows that the plaintiffs are suing on notes payable in Lubbock, secured by lien on personal property in possession of Pollard and against which the Anton State Bank claims a lien and that plaintiffs made out a prima facie case by showing such facts.

For the reasons above stated, none of these propositions have any merit, and they are all overruled and the judgment is affirmed.