## THOMASON v. SPARKMAN et al.
### No. 2768.

Court of Civil Appeals of Texas. El Paso.
Dec. 15, 1932.

Rehearing Denied Jan. 5, 1933.

Walter R. Fly, of Dallas, for appellant.

Murphy & Murphy, of Gainesville, for appellees.

HIGGINS, J.

Appellant, a resident of Dallas county, brought this suit against H. L. Webster and J. B. Sparkman to recover damages. Spark-

man was alleged to be a resident of Cooke county. The residence of Webster was alleged to be unknown. It was alleged plaintiff employed Webster to manage a farm in Cooke county for a year; that Webster breached the contract and Sparkman wrongfully induced him so to do and defendants had converted certain property upon the farm.

Sparkman filed plea of privilege which was sustained and the venue of the suit as to him transferred to Cooke county. The plaintiff appeals from this order contending the venue was properly laid in Dallas county, under subdivision 3 of article 1995, R. S., and subdivision 29a, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a).

The fact that the residence of Webster was unknown did not authorize the maintenance of the suit against Sparkman in Dallas county under subdivision 3 of the venue statute. U. S. G. & O. Co. v. Duffy (Tex. Civ. App.) 8 S.W.(2d) 278; Kennedy & Gafford v. Reppond (Tex. Civ. App.) 226 S. W. 140; Sublett v. Hurst (Tex. Civ. App.) 164 S. W. 448.

Nor is the plaintiff aided in this respect by section 29a for the liability of defendants, if any, was several, as well as joint, and Sparkman was not a "necessary" party to the suit against Webster in Dallas county. Wool G. C. S. Co. v. Edwards (Tex. Civ. App.) 10 S.W. (2d) 577; Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765; Fidelity Union Fire Ins. Co. v. First Nat. Bank (Tex. Civ. App.) 18 S. W. 800; Oakland M. C. Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861; Gulf R. Co. v. Lipscomb (Tex. Civ. App.) 41 S.W. (2d) 248; Woolridge v. Owens (Tex. Civ. App.) 44 S.W.(2d) 1061; Ellwood v. Pollard (Tex. Civ. App.) 46 S.W.(2d) 731; Matthews v. Hedley Motor Co. (Tex. Civ. App.) 47 S. W. 661.

The plea of privilege was properly sustained.

Affirmed.

### On Rehearing.

Appellant calls attention to the recent ruling of the Commission of Appeals in Commonwealth B. & T. Co. v. Heid Bros., 52 S.W. (2d) 74. Our ruling that Sparkman is not a "necessary" party to the suit within the meaning of article 1995, subdivision 29a (Vernon's Ann. Civ. St.), is not in harmony with the ruling of the Commission of Appeals in the case cited. We therefore withdraw our ruling upon this phase of the case.

In Raymond v. Yarington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914, it was held actionable for persons to knowingly induce one to break his contract with another in consequence of

which damage was caused. This is in harmony with the general rule in other jurisdictions. 39 C. J., Title, Master & Servant, § 1606.

The authorities recognize that knowledge on the part of the defendant of the existence of the contract of employment is an essential element of the wrongful act. Such knowledge supplies the element of malicious or unlawful motive necessary to make the act of the defendant in enticing the servant, a tort.

15 R. C. L., Title, Interference, § 5; notes in 11 Am. St. Rep. 477; 5 L. R. A. (N. S.) 1094, 1095.

We doubt if the evidence is sufficient to show prima facie that the defendant Sparkman caused Webster to breach his contract of employment. In any event it is insufficient to show that Sparkman did so with knowledge of the contract of employment.

The evidence, therefore, is insufficient to show a cause of action against Sparkman for wrongfully inducing Webster to breach his contract.

As to the allegations that defendants converted certain property on the farm, there is no evidence that Webster was a party to any conversion. If any liability is shown as for conversion, it is the several liability of Sparkman.

It follows that no joint liability upon the part of the defendants is shown by the evidence so as to maintain the venue in Dallas county against Sparkman under the ruling in Commonwealth B. & T. Co. v. Heid Bros., supra.

The motion for rehearing is therefore overruled.