BENDER v. ARMSTRONG.

No. 1341.

Court of Civil Appeals of Texas. Waco.

April 6, 1933.

Slay & Simon, of Fort Worth, for appellant.

O. F. Watkins, of Mexia, and L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the district court overruling a plea of privilege. Appellee, J. E. Armstrong, plaintiff in the court below, instituted this suit against the National Pipe & Supply Company, S. Bender, M. Anisman, and appellant, B. Bender, to recover the sum of $1,777.25 which he alleged was due him for pulling pipe from eight abandoned oil wells in Limestone county. The parties will be designated as in the trial court. The several defendants were duly cited to appear and answer plaintiff's petition. S. Bender and M. Anisman filed answers to the merits. B. Bender filed a plea of privilege, in which he alleged that he resided in Dallas county and denied venue in Limestone county. No answer was filed by the National Pipe & Supply Company. Plaintiff controverted said plea of privilege. The specific grounds set out in his controverting affidavit were as follows: (1) One or more of the defendants in the cause were nonresidents of the state, and therefore they and the other defendants could be properly sued in Limestone county because plaintiff resided therein; (2) one of the defendants was a private corporation, association, or company, doing business in said county, and the cause of action arose therein; (3) the defendant B. Bender was a transient person; (4) the nonresident defendants, S. Bender and M. Anisman, each had property within the jurisdiction of the court.

The plea was heard by the court. Plaintiff offered no testimony. Defendant B. Bender testified that he resided in the city of Dallas in Dallas county, and that he had no other place of residence. He also testified that S. Bender and M. Anisman both resided in Shreveport in the state of Louisiana. He further testified that the defendant National Pipe & Supply Company was merely a name or designation assumed by him for business purposes, and that the same was not a company, joint-stock association, nor corporation. He further testified in that connection without objection that he had filed in the office of the county clerk of Dallas county the certificate required by the statute. He testified on cross-examination that he did business in several counties in Texas, but had no residence in any other county except Dallas. The court overruled said plea of privilege.

Opinion.

Defendant Bender, by appropriate assignments of error, assails the action of the court in overruling his plea of privilege, and contends that such action cannot be sustained on any of the grounds set out in plaintiff's controverting affidavit. Said affidavit did not constitute proof of the facts therein alleged. The burden of proving facts sufficient to fix venue in Limestone county on one or more of the grounds so alleged rested on the plaintiff. When venue against a defendant who does not reside in the county in which suit is brought is sought to be maintained on the ground that another defendant does reside therein, the burden is on the plaintiff to allege and prove a bona fide cause of action against both such defendants. Padgett v. Lake Cisco Amusement Co. (Tex. Civ. App.) 54 S.W.(2d) 201, 202, pars. 1 to 4, inclusive, and authorities there cited; American Fruit Growers, Inc., v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898, 899, pars. 2 to 3, inclusive. When none of the defendants resides in the county in which suit is brought, but venue of such suit is maintainable therein against one or more of the defendants under some specific exception to article 1995 of our Revised Statutes, and venue is sought to be maintained against another defendant solely under the provisions of subdivision 29a of said article (as added by Acts 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]), the plaintiff must further show that the latter is a necessary party to his suit. Fox v. Cone, 118 Tex. 212, 217, 13 S.W.(2d) 65; Empire Gas & Fuel Co. v. State (Tex. Sup.) 47 S.W.(2d) 265, 267, par. 5; Umberson v. Krueger (Tex. Civ. App.) 49 S.W.(2d) 528, 529, par. 1; American Soda Fountain Co. v. Hairston Drug Co. (Tex. Civ. App.) 52 S.W.(2d) 764, 765, par. 1. We will consider the several grounds relied on by plaintiff to fix venue in Limestone county as

set out in his controverting affidavit, in their serial order.

■ Subdivision 3 of the aforesaid article of our venue statutes provides, in substance, that, if one or more of several defendants reside without the state, suit may be brought in the county in which the plaintiff resides. Plaintiff alleged that one or more of the defendants resided without the state, and the testimony showed that both S. Bender and M. Anisman so resided, but it did not show, nor tend to show, the existence of a common cause of action in favor of the plaintiff against said defendants and the defendant B. Bender, who pleaded his privilege of being sued in the county of his residence. Prior to the revision of the statutes, the wording of this particular subdivision clearly excluded any contention that venue was fixed thereby in the county of the plaintiff's residence unless all the defendants, whether one or more, resided without the state. A slight change was made in the language of such subdivision in the revision, but it has been held that the construction and application of same were not affected thereby. United States Gas & Oil Co. v. Duffy (Tex. Civ. App.) 8 S.W.(2d) 278, 280, pars. 1 and 2. See, also, Kennedy & Gafford v. Reppond (Tex. Civ. App.) 226 S. W. 140; Sublett v. Hurst (Tex. Civ. App.) 164 S. W. 448, 449, pars. 1 and 2; Hudgins & Bro. v. Low, 42 Tex. Civ. App. 556, 94 S. W. 411, 412, par. 4. Whether such holding is correct need not be determined, because the plaintiff's failure to show a common cause of action against all the defendants and that defendant B. Bender was a necessary party to a suit thereon excludes the application of subdivision 29a in determining venue herein.

■ Subdivision 23 of said venue article provides, in substance, that suit against a private corporation, association, or joint-stock company may be brought in any county in which the cause of action, or a part thereof, arose. Plaintiff invoked said provision in his controverting affidavit, but it cannot avail to sustain the action of the court in overruling the plea of privilege because palintiff wholly failed to prove a cause of action arising in whole or in part in said county or elsewhere against any of the defendants.

■■ Subdivision 2 of said venue article provides that a transient person may be sued in any county in which he may be found. A transient person, within the meaning of said subdivision, is one who is found in the state but has no fixed place of residence therein. Loos v. Swaim (Tex. Civ. App.) 16 S.W.(2d) 350, 352; Burns v. Napier (Tex. Civ. App.) 19 S.W.(2d) 578, 579 et seq. Plaintiff alleged that the defendant B. Bender was a transient person. The testimony showed that said Bender transacted business in several different places in the state and that he had recently made a trip to Oklahoma. These facts did not, in view of his testimony as a whole, constitute him a transient person within the meaning of the statute. The subdivision under consideration, however, does not authorize a suit against a transient person in any county except one in which he may be found. The testimony does not show that defendant B. Bender was found in Limestone county either at the time of the institution of the suit or of the service of citation upon him. Both the transcript and the testimony show affirmatively that he was served with citation in Dallas county.

■ The last ground of venue alleged in plaintiff's controverting affidavit is that the nonresident defendants each had property within the jurisdiction of the court. There was no testimony supporting such allegation. The transcript shows the issuance of a writ of attachment against all the defendants and the levy thereof on six trucks as the property of the defendant National Pipe & Supply Company. There was no testimony that either of the nonresident defendants had any interest in such company. Defendant B. Bender testified that he was the sole owner thereof. The ground of venue so asserted is not included in the provisions of the aforesaid article. Such actions are authorized and the procedure therein prescribed by articles 1975 to 1979, inclusive, of our Revised Statutes. Said articles declare the potential jurisdiction of the court over the property of nonresident defendants situated within the state, and prescribe the manner in which such jurisdiction shall be exercised. They are not venue statutes.

The order of the court overruling the plea of privilege is reversed, and the issue remanded for further hearing.