James Earl GRAHAM, by Next Friend Mildred Benton, Appellant,

v.

Timoteo OZUNA, Appellee.

No. 12807.

Court of Civil Appeals of Texas.

Galveston.

Feb. 10, 1955.

Rehearing Denied March 3, 1955.

Freeman M. Bullock, Houston, Hill, Brown, Kronzer & Abraham, Houston, of counsel, for appellant.

Baker, Botts, Andrews & Shepherd, Ralph S. Carrigan, Houston, for appellee.

GRAVES, Justice.

This is an appeal from an order of the trial court sustaining a plea of privilege filed by appellee, Ozuna.

James Earl Graham, a minor, suing by and through his next friend, filed an action against appellee, Timoteo Ozuna, and one Barney Cott, seeking the recovery of $86,000 damages for personal injuries allegedly sustained by him on or about April 20, 1951. Plaintiff's cause of action was based on alleged acts of negligence on the part of the appellee, Ozuna, in operating a truck in the course and scope of his employment for the co-defendant, Barney Cott. Plaintiff alleged that he was a resident of Harris County, Texas, that the accident occurred in San Patricio County, Texas, that appellee was a resident of San Patricio County, Texas, and that Barney Cott was a resident of New York, both at

the time of the accident and at the time of the filing of this action. Suit was filed in the 125th Judicial District of Harris County, Texas.

Service being obtained upon Ozuna in San Patricio County, appellee duly filed a plea of privilege to be sued in the county of his residence, San Patricio County.

On September 14, 1954, in the District Court of Harris County, Texas, 125th Judicial District, the plea of privilege of the defendant, Timoteo Ozuna, to be sued in the District Court of San Patricio County, Texas, the county of such defendant's residence, was sustained. Plaintiff thereupon duly perfected his appeal to this Court.

In this Court, appellant presents a single point of error, to this effect:

"The District Court erred in sustaining the plea of privilege of the defendant, Timoteo Ozuna, because the plain language of the Texas Venue Statute, Subdivision 3, Article 1995, indicates that venue in this case should be laid in Harris County, the residence of the plaintiff."

In his argument in support of such single contention here, the appellant cites and relies upon these authorities: Loos v. Swaim, Tex.Civ.App., 16 S.W.2d 350; Pavlidis v. Bishop & Babcock Sales Co., Tex.Civ. App., 41 S.W.2d 294; Taliaferro v. Warren, Tex.Civ.App., 30 S.W.2d 393; Subdivision 3 of Article 1995; Subdivision 29(a) of Article 1995; Clark, Venue in Civil Actions in Texas (1953), pp. 175, 176.

None of appellant's presentments, it is determined, should be sustained; but on the contrary, it is held that the appellee's two answering counter-points present considerations and authorities that must instead be upheld, to-wit:

"First Counterpoint

"Subdivision 3 of the Venue Statute, Article 1995, permitting suit against a non-resident defendant in the county of plain-

tiff's residence, does not deprive appellee, a resident named as a co-defendant, of his right to be sued in the county of his residence.

"Second Counterpoint

"Appellee's plea of privilege must be sustained because of the failure of appellant to introduce any evidence upon venue facts."

In support of his cross-points, appellee cites and relies upon these authorities: Bender v. Armstrong, Tex.Civ.App., 59 S.W.2d 451; Burns v. Napier, Tex.Civ. App., 19 S.W.2d 578; Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616; J. D. Hudgins & Bro. v. Low, 42 Tex.Civ. App. 556, 94 S.W. 411; Kennedy & Gafford v. Reppond, Tex.Civ.App., 226 S.W. 140; Key v. Mineral Wells Investment Co., Tex.Civ.App., 96 S.W.2d 804; Sublett v. Hurst, Tex.Civ.App., 164 S.W. 448; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Texas Plains Lodge No. 105, Brotherhood of Locomotive Firemen & Enginemen v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109; Thomason v. Sparkman, Tex.Civ. App., 55 S.W.2d 871; United States Gas & Oil Co. v. Duffy, Tex.Civ.App., 8 S.W.2d 278.

Indeed, it is held that this Court's former review of the sole question presented here, that is, the legal effect of Subdivision 3, Vernon's Ann.T.S. Article 1995, in United States Gas & Oil Co. v. Duffy, supra [8 S.W.2d 280], is still the law and controls this appeal, which holding was couched in this language:

"We agree with appellant that it furnished no sufficient addition; our courts seem to have expressly decided that the mere fact that one or more of the defendants is a nonresident of Texas and suable in any county in the state will not give the plaintiff the right to sue the resident defendant outside the county of the latter's residence, wherefore the fact that these defendants—other than appellant and the two Houston companies—were nonresidents of the state of Texas was not enough to draw the venue to Harris county. Sublett v. Hurst, Tex.Civ.App., 164 S.W. 448, and authorities there cited."

 Since this Court's jurisdiction over appeals in such pleas of privilege is final, that declaration is reiterated as being the law that must be applied to this appeal.

The trial court's judgment is affirmed.

Affirmed.