**EASTEX CAMPER SALES, INC., Appellant,**

v.

**Joe E. LANCLOS et ux., Appellees.**

**No. 8211.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 16, 1978.

Clinton P. Hackney, Maurice Bresenhan, Jr., Bresenhan, Martin & Wingate, Houston, for appellant.

Keith Griffin, Beaumont, for appellees.

CLAYTON, Justice.

Plaintiffs filed this suit in Jefferson County against Eastex Camper Sales, Inc., Kings Highway Motor Homes, Inc., and Nationwide Financial Corporation, seeking damages under the Texas Deceptive Trade Practices Act arising from the purchase of a motor home purchased from Eastex Camper Sales, Inc. (hereinafter referred to as defendant) and manufactured by Kings Highway Motor Homes, Inc. Nationwide Financial Corporation was the purchaser of the retail installment sales contract. This defendant, Eastex, filed its plea of privilege to be sued in Harris County, the county of its residence. Plaintiffs filed their controverting plea seeking to sustain venue in Jefferson County under the provisions of *Tex.Rev.Civ.Stat.Ann. art. 1995, subdiv. 3* (1964). The trial court overruled defendant's plea of privilege from which order this appeal is taken. The other defendants did not file a plea of privilege.

There is no dispute as to the non-residency of Kings Highway Motor Homes, Inc., and the residency of Nationwide Financial Corporation is not of consequence in this appeal.

Plaintiffs purchased a motor home in Harris County from defendant. The motor home was manufactured by Kings Highway Motor Homes, Inc. After the purchase, several defects in the home appeared, and plaintiffs filed their suit against defendant, as seller, and Kings Highway Motor Homes, Inc., as manufacturer—such suit being based upon breach of warranty and misrepresentations—and sought damages, jointly and severally, against both defendants.

The trial court held that venue in Jefferson County was maintainable against this defendant under *Tex.Rev.Civ.Stat.Ann. art. 1995, subdiv. 3* (1964), which provides that if one or all of several defendants reside without the State, or if their residence is unknown, suit may be brought in the county in which the plaintiff resides. However, this *subdivision 3* does not mean that a resident defendant may be denied his privilege to be sued in his home county merely because one or more other defendants may reside outside the State. *Graham v. Huff,* 384 S.W.2d 904 (Tex.Civ.App.—Dallas 1964, no writ); *Graham v. Ozuna,* 275 S.W.2d 735 (Tex.Civ.App.—Galveston 1955, no writ).

Even if the venue facts under *subdivision 3* are established, such subdivision will not hold venue against a plea of privilege asserted by a Texas resident not residing in the county of the suit unless it is shown that he is a *necessary party* to the suit under *subdivision 29a* of *Tex.Rev.Civ. Stat.Ann. art. 1995.* The plaintiff must show that the defendant urging his plea of privilege is a necessary party upon the cause of action as to which venue against the co-defendant has been established. *Key v. Davis,* 554 S.W.2d 60 (Tex.Civ.App.—Amarillo 1977, no writ); *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774 (1944); *see also Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex. 1973).

A necessary party to a suit is one whose joinder is necessary to afford plaintiff full relief, which is obtainable only in the suit to which both defendants are parties. *Miller & Miller Auctioneers, Inc. v. Hillcrest State Bank,* 430 S.W.2d 61 (Tex. Civ.App.—Dallas 1968, no writ); *Dina Pak Corp. v. May Aluminum, Inc.,* 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ).

In our case, plaintiffs, having based their cause of action upon breach of warranty, could recover their full relief against Kings Highway Motor Homes, Inc., a co-de-

fendant, in the absence of the joinder of defendant Eastex Camper Sales, Inc. All relief as prayed for could be obtained against the co-defendant. This being true, then defendant Eastex Camper Sales, Inc., would not be a necessary party under the authorities above cited. Defendant, not being a necessary party, is entitled to be sued in the place of its residence, and the order of the trial court in overruling the plea of privilege is in error.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to sustain the plea of privilege of Eastex Camper Sales, Inc., and to transfer the plaintiffs' cause of action against Eastex Camper Sales, Inc., to Harris County, Texas.

REVERSED and REMANDED with instructions.